## ISAAC WILKINSON v. JOHN PARROTT.

CONTINUANCE.—It is not an abuse of discretion for the Court to refuse a continuance on account of the voluntary absence of the defendant on important business at the time the case has been set for trial, when it does not appear that the business could not have been delayed, nor could not have been attended to by some one else, nor that the facts were not in the possession of his attorney.

DAMAGES FROM BITE OF DOG.—It is not necessary, in an action for damages sustained by the bite of a dog, for the plaintiff to prove that the defendant owned the dog. It is sufficient on this point for the plaintiff to prove that the defendant kept the dog.

EXCEPTION TO INSTRUCTIONS.—Instructions given by the Court to the jury must be excepted to, in order to enable the appellant to take advantage of errors in them if such exist.

REVERSAL OF JUDGMENT.—A judgment will not be reversed for an error favorable to the appellant.

NEW TRIAL.—A judgment will not be reversed on the ground that the verdict is contrary to the evidence, if the testimony is conflicting.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

Plaintiff recovered judgment in the Court below, and the defendant appealed.

The other facts are stated in the opinion of the Court.

*E. Casserly*, and *W. H. L. Barnes*, for Appellant, argued that the defendant was not liable unless he owned the dog; and cited *Ficken* v. *Jones*, 28 Cal. 618; *Hinckley* v. *Emerson*, 4 Cowen, 351; *Brock* v. *Copeland*, 1 Esp. 203; *Vrooman* v. *Lawyer*, 13 Johns. 339; *Lyke* v. *Van Leaver*, 4 Denio, 128, *i. e.* 1 Comstock, 515; *Steele* v. *Smith*, 3 E. D. Smith, 322; *Coggswell* v. *Baldwin*, 15 Vermont, 412; *Deane* v. *Clayton*, 7 Taunton, 409.

*James McCabe,* for Respondent.

The case of *Ficken* v. *Jones et al.*, 28 Cal. 618, (so strongly relied upon by defendant's counsel,) when closely examined, plainly shows (as does also Abbot's Forms., Nos. 442 to 444, and 536 to 538) that the defendant may be liable, though not the owner. *Ficken* v. *Jones et al.* also shows that negligence is enough to render the defendant liable without the *scienter*,

and in the case at bar it is clearly proved that Parrott negligently left his gate open so his dog could run out.

By the Court, SANDERSON, J.:

Action to recover damages on account of personal injuries sustained by plaintiff's daughter, a child about four years of age, from a bite by defendant's dog.

When the case was called for trial in its regular place on the calendar, counsel for defendant moved the Court to postpone the trial for the space of three days on account of the temporary absence of the defendant. The motion was based upon the affidavit of the business associate of the defendant to the effect that the defendant had gone to the State of Nevada a few days previous to the motion on important private business, and that the affiant knew nothing about the facts of the case, but believed that it would be impossible to try it without the defendant's presence, as the facts were altogether within his knowledge, and that he did not know when the defendant would return, but he expected him to do so within a few days.

The refusal of the Court to postpone the trial upon such a showing did not amount to an abuse of discretion. There is nothing in the affidavit which entitled the defendant to an adjournment unless his voluntary absence unexplained is sufficient for that purpose. It is not even suggested that the defendant was ignorant of the fact that his case was set for trial on that day, or that the business upon which he absented himself was of such a character as to require his personal attention, or was so pressing as to admit of no delay. It may have been very important and yet have been attended to by some one else as well. It may have been very important, and of a character to require his personal attention, and yet have been delayed for a few days without prejudice. Moreover, there is nothing to show that his attorney was not in possession of all the facts, and as well prepared to try the case without him as with him. At all events, his attorney was careful

not to make an affidavit that he was not. And the affidavit, such as it was, was made by a party who neither knew nor could be reasonably expected to know anything on that head. While we are not prepared to say that the Court would have abused its discretion had it granted the motion, we have no hesitation in saying, in view of the meagre showing which was made, that it did not abuse its discretion in denying it.

It is next claimed that the verdict is contrary to the evidence on all the points which the plaintiff was bound to establish. In this connection it is claimed that it was necessary for the plaintiff to show : First—That the defendant was the owner of the dog. Second—That the dog was of vicious and mischievous propensities and accustomed to bite mankind. Third —That the defendant had knowledge of these characteristics; and, Fourth—That the defendant allowed the dog to run at large without being properly guarded and muzzled.

It is not necessary in order to make a case for the jury to show that the defendant was the owner of the dog. If such was the case it would be necessary to so aver in the complaint; yet neither the complaint in this action nor the precedents so aver. It is sufficient if the defendant, in the language of the complaint and of the precedents, kept the dog, and this he might do without being his owner or having any right of property in him. If a party undertakes to keep a vicious dog or other animal, whether he owns him or not, he is bound to keep him, if he knows him to be vicious, in such a manner as not to endanger the lives or persons of others. But for the purposes of this case, all that counsel claim on this head may be conceded, for the testimony on the question of ownership was conflicting, which precludes us from interfering with the verdict, and the Court below adopted the view of counsel and expressly charged the jury that the first question they had to settle was as to the ownership of the dog, and that if they came to the conclusion that he did not belong to the defendant they must find a verdict in his favor.

That the dog was vicious, and that defendant knew it, was shown by the admission of the defendant to the plaintiff, that

" It was the second time the dog had bitten a child." That the dog, being a vicious dog, was not properly secured, is shown by the circumstances attending the biting. The child was passing quietly along the street in company with her mother, when the dog, without any provocation, ran out of the defendant's premises and inflicted the injuries of which complaint is made. There is, in short, nothing in the evidence which would justify us in disturbing the verdict of the jury.

The instruction in relation to punitive damages, which the Court refused, we pass without comment, because counsel have done so in their brief, and we therefore understand them as abandoning their exception to the ruling of the Court in that respect. Moreover, the whole amount of the damages allowed by the jury was only three hundred and twenty-five dollars, which sum, if at all, is too little in excess of the expense and loss of time entailed upon the plaintiff to justify the belief that any portion of it was allowed by way of punishment.

The second instruction asked for by defendant was properly refused, as we have seen, because it made the ownership and not the keeping of the dog one of the tests of the defendant's liability.

Whether the instructions which were given by the Court were in any respect erroneous, matters not, for counsel failed to take any exception to any part of them. So far as they make the ownership and not the keeping of the dog a test of the defendant's liability, they were erroneous, as we have seen, but the error was favorable to the appellant. Whether they were erroneous so far as they relate to punitive damages is of no consequence, for there is no substantial reason to suppose that punitive damages were allowed by the jury ; besides, as already stated, no exception was taken.

Judgment and order denying a new trial affirmed.

Mr. Chief Justice CURREY did not express any opinion.