[Civ. No. 96.   Second Appellate District.—December 2, 1905.]

LEE A. McCONNELL, Respondent, v. EDWIN R. FOX, Appellant.

ACTION TO QUIET TITLE—REFUSAL OF CONTINUANCE—ABSENCE OF DEFENDANT FROM TRIAL—INSUFFICIENT SHOWING—DISCRETION NOT ABUSED.—In an action to quiet title, in which defendant set up no affirmative claim, and which had been at issue for nine months, where the defendant, after the case had been set for trial, voluntarily left the state for New York to negotiate city bonds, and the only showing for a continuance consisted of the affidavit of his attorney and a brief telegram from the defendant without any showing as to the necessity of his presence in New York at that time, or that it could not have preceded or followed the date of the trial without injury to himself or the city, the court did not abuse its discretion in refusing a continuance on the ground of his absence. [Per Gray, P. J., and Allen, J.   Smith, J., doubting.]

ID.—ABSENCE OF SHOWING ON MOTION FOR NEW TRIAL—APPEAL FROM ORDER.—Where no additional showing was made on the motion for a new trial, and no affidavit of the defendant was at any time filed showing any necessity for his absence, the appeal from the order denying a new trial was without merit.

ID.—PRESUMPTION IN SUPPORT OF ORDER.—In the absence of the evidence, or any showing to the contrary on the motion for a new trial, it must be presumed in support of the order denying a new trial that the case was fairly tried, and that the appellant was in no wise injured by his absence, and that there was no abuse of discretion in the denial of the motion for a new trial.   [Per Smith, J.]

APPEAL from an order of the Superior Court of Los Angeles County.   D. K. Trask, Judge.

The facts are stated in the opinion of the court.

Cole & Cole, for Appellant.

F. C. Austin, and D. M. McDonald, for Respondent.

GRAY, P. J.—This is an action to quiet title. The plaintiff had judgment, and defendant Fox appeals from an order denying him a new trial.

The sole ground urged for reversal is that the court erred in denying defendant's motion for a continuance. We think the matter of continuance was in the discretion of the trial judge, and that he did not abuse such discretion. The showing was that, though the case had been at issue for nine

months, the defendant voluntarily went to New York after the case was set for trial and some twenty days prior to said trial. His reason for absenting himself is stated to have been that he desired to negotiate and sell certain bonds for the city of Los Angeles in the money centers of the east. There is no showing that this could not have been attended to for the city to its greater advantage by some other person, nor does it appear to what extent the defendant's presence in New York would promote the sale of the bonds or was necessary thereto. Nor is it shown that his necessary presence in New York could not have preceded or followed the date of this trial without injury to himself or the city of Los Angeles. The showing made is weak, much weaker than in the case of *Wilkinson* v. *Parrott,* 32 Cal. 102, and there the action of the trial court was upheld upon the ground that the refusal of the court to postpone the trial upon such a showing did not amount to an abuse of discretion. Besides, there are several features of the case that naturally make us hesitate to interfere with the action of the court in denying a new trial. The suit is to quiet title. What the defendant's claim to the land consists in nowhere appears. He contents himself in the answer with denying that he "has no estate, right, title, or interest in said land and premises, or in any part thereof." This is the only hint we have that he is in any way interested in the result of the suit. The showing for continuance consisted of an affidavit of defendant's attorney and a brief telegram from defendant, and the affidavits of plaintiff in rebuttal; and, though these had proven insufficient to secure the favorable action of the court in the first instance, yet nothing was added to them on the motion for a new trial made some nine months later. No affidavit of the defendant himself was at any time presented to the court, and, of course, the material parts of his attorney's affidavit must of necessity have been based upon hearsay. Of course, if the defendant's only purpose was delay, most anything would do, but, to invoke successfully the favorable discretion of the court, a stronger showing should have been made.

The appeal is without merit. The order is affirmed.

Allen, J., concurred.

SMITH, J.—I concur in the judgment. I am not prepared to say that on the showing made by the appellant the case should not have been continued, or that the denial of a continuance by the court was not an abuse of discretion. But in the absence of the evidence, or of any showing to the contrary on the motion for new trial, either by the affidavit of the defendant or otherwise, I think it must be presumed, in support of the order of the trial court, that the case was fairly tried, and the appellant in no wise injured by his absence, and that there was no error or abuse of discretion in the denial of the motion for new trial.