MISSIO *v.* WILLIAMS.*

(*Jackson.* April Term, 1914.)

1. ANIMALS: Injuries to persons. Liability.

The owner of premises who permits another to harbor thereon dogs which the owner knows are vicious, is liable for injuries inflicted by the dogs upon another. (*Post, p.* 507.)

2. ANIMALS. Injuries to persons. Liability. Knowledge of vicious character.

The owner or keeper of a domestic animal is not liable for injuries inflicted by the animal, unless he has knowledge of its vicious habits; but, where he has such knowledge his liability is not limited to negligence in the custody of the animal, but he is bound to keep the animal from doing mischief. (*Post, p.* 507.)

3. ANIMALS. Personal injuries. Liability. Knowledge of Vicious Character.

Knowledge by the owner or keeper of a dog that it is vicious is sufficient to render him liable for injuries inflicted by the dog, without a showing that it had ever before bitten any person. (*Post, p.* 507.)

Cases cited and approved: Sherfey v. Bartley, 36 Tenn., 58; Smith v. Causey, 22 Ala., 568; Le Forest v. Tolman, 117 Mass., 109; Popplewell v. Pierce, 10 Cush. (Mass.) 509; Loomis v. Terry, 17 Wend, (N. Y.) 496; Empire Spring Co. v. Edgar, 99 U. S., 645; Frammell v. Little, 16 Ind., 251; Marsh v. Jones, 21 Vt., 378; Wilkinson v. Parrott, 32 Cal., 102; Rider v. White, 65 N. Y., 54; Gordeau v. Blood, 52 Vt., 251.

*As to the liability of the keeper of an animal known to be dangerous as affected by absence of negligence on his part, see notes in 6 L. R. A. (N. S.), 1164, and 2 B. R. C., 14. And on the question as to what scienter is necessary to charge owner with liability for injury inflicted by dog to person or property of another, see note in 24 L. R. A. (N. S.), 458.

The questin of the liability of a married woman for the use and safety of premises owned by her is treated in the note in 19 L. R. A. (N. S.), 531.

4. ANIMALS.   Injuries to persons.   Liability.   Wild Animals.
Owners or keepers of animals which are naturally vicious are
liable for the acts of such animals, even though no notice of
their vicious propensities.is shown.   (*Post, p.* 507.)

Cases cited and approved:   Empire Spring Co. v. Edgar, 99 U
S., 645; Vrooman v. Lawyer, 13 Johns, (N. Y.)   339; Sherfey
v. Bartley, 36 Tenn., 58.

5. HUSBAND AND WIFE.   Liability of wife.   Torts.
A married woman who permitted, during her husband's absence,
another to keep vicious dogs on her premises is liable for the
injuries inflicted by them, since she is liable for her own per-
sonal torts not committed in the presence or under the sup-
posed influence of her husband.   (*Post, p.* 509.)

Cases cited and approved:   Dailey v. Houston, 58 Mo., 361;
Marshall v. Oakes, 51 Me., 308; Collier v. Struly, 99 Tenn.,
241.

6. HUSBAND AND WIFE.   Liability of Wife.   Negligence of
Husband.
A married woman is not liable for torts committed through the
negligence of her husband under the rule *respondeat superior*,
since she is not liable *ex contractu*.   (*Post, p.* 510.)

7. HUSBAND AND WIFE.   Liability of Husband.   Torts of Wife.
Where a married woman, during her husband's absence, per-
mitted vicious dogs to be kept upon the premises, the husband
is liable jointly with her for the injuries inflicted by the dogs
upon another.   (*Post, p.* 510.)

Cases cited and approved:   Collier v. Struly, 99 Tenn., 241:
Price v. Clapp, 119 Tenn.,425.

FROM SHELBY.

Appeal from the Circuit Court of Shelby County
to the Court of Civil Appeals and by *certiorari* from
the Court of Civil Appeals to the Supreme Court.—
————————, Judge.

BELL, TERRY & BELL, for plaintiff.

L. T. M. CANADA, for defendants.

MR. JUSTICE LANSDEN delivered the opinion of the Court.

The defendant in error recovered judgment in the court below against the plaintiff in error and her husband, R. L. Missio, for $300 for personal injuries inflicted upon the .defendant in error by two bull dogs which were kept on the premises of the plaintiff in error. Motion for a new trial was made and overruled, and an appeal was taken to the court of civil appeals, where the judgment of the circuit court was affirmed. The case is before us upon a petition for *certiorari* to the judgment of that court.

The facts are that a brother of Mrs. Missio, one Coradini, procured two bull pups and kept them on the premises of Mr. and Mrs. Missio for protection to Mr. and Mrs. Coradini. The dogs were known by the Coradinis and Mrs. Missio to be dangerous, and they were kept because of their dangerous and vicious habits. A sign was put up on the yard fence where the dogs were kept, "bad dogs."

Before the dogs were brought upon the premises, Mr. and Mrs. Missio left Tennessee for a visit to Italy, and Mr. Missio did not know of the presence of the dogs on the premises until after the defendant in error was injured by them. Mrs. Missio, however, returned home in September, before the defendant in error was attacked by the dogs in October, 1911, and she knew

that her brother had the dogs on the premises, and the purposes for which they were kept.

The house and lot constituting the premises are the property of Mrs. Missio. She and her husband, her father, and mother, and brother lived together in this house.

The defendant in error is a scrubwoman and worked at the Peabody Hotel at night. She finished her labors for the night and boarded a street car to go home about daylight of the morning of the accident. She alighted from the street car near the premises of the plaintiff in error, and started down the street known as Kings Highway, when the two dogs rushed out of the yard and assaulted her and inflicted serious injuries upon her person.

The questions made here are that Mrs. Missio's plea of coverture is good, and that Mr. Missio is not liable, because he did not know of the presence of the dogs on the premises, and hence did not harbor them. And also that the mere fact that the dogs were on the premises with the knowledge of Mrs. Missio would not make either her or her husband liable, because they were owned by the Coradinis, and were kept on the plaintiff in error's premises by Coradini, and not by them.

What is perhaps the earliest rule upon this subject is found in Exodus, chapter 21, 28th and 29th verses, as follows:

"If an ox gore a man or a woman, that they die: then the ox shall surely be stoned, and his flesh shall not be eaten; but the owner of the ox shall be quit.

"But if the ox were wont to push with his horn in time past, and it hath been testified to his owner, and he hath not kept him in, but that he hath killed a man or a woman; the ox shall be stoned, and his owner also shall be put to death."

But the general rule at this time respecting the liability of owners or keepers of domestic animals for injuries to third persons is that the owner or keeper of domestic animals is not liable for such injuries, unless the animal was accustomed to injure persons, or had an inclination to do so, and the vicious disposition of the animal was known to the owner or keeper. *Sherfey* v. *Bartley,* 4 Sneed, 58, 67 Am. Dec., 597; *Smith* v. *Causey,* 22 Ala., 568; *Le Forest* v. *Tolman,* 117 Mass., 109, 19 Am. Rep., 400; *Popplewell* v. *Pierce,* 10 Cush. (Mass.), 509. And where an animal is accustomed or disposed to injure persons, and the owner or keeper has notice or knowledge of that fact, he is liable for any injury which such animal may do to another person. As stated in *Sherfey* v. *Bartley,* supra, he is "bound to have so confined him as to prevent him from doing mischief." *Loomis* v. *Terry,* 17 Wend. (N. Y.), 496, 31 Am. Dec., 306. The gist of the action is the keeping of the animal with notice of its vicious disposition, and not the negligence of the owner in its custody. *Empire Spring Co.* v. *Edgar,* 99 U. S., 645, 25 L. Ed., 487. And if a person harbors a dog accustomed to bite, or allows it to frequent his premises, he is liable, although not the owner of it.

*Frammell* v. *Little,* 16 Ind., 251; *Marsh* v. *Jones,* 21 Vt., 378, 52 Am. Dec., 67; *Wilkinson* v. *Parrott,* 32 Cal., 102. Knowledge of the owner or keeper that the dog is vicious is sufficient to sustain liability, without showing that it had ever bitten anyone. *Rider* v. *White,* 65 N. Y., 54, 22 Am. Rep., 600; *Godeau* v. *Blood,* 52 Vt., 251, 36 Am. Rep., 751.

Owners or keepers are liable for injuries done by them, even without notice of their vicious propensities, if the animals are naturally mischievous; but, if they are of a tame and domestic nature, there must be notice of the vicious habits. *Empire Spring Co.* v. *Edgar.* And where injury is done by domestic animals kept for use or convenience, the rule is that the owner is not liable to an action on the ground of negligence, without proof that he knew that the animal was accustomed to injure persons. *Vrooman* v. *Lawyer,* 13 Johns. (N. Y.), 339. If the latter class of animals are rightfully in the place where the injury is inflicted, the owner is not liable, unless he knew that the animal was accustomed to be vicious. In such case he must confine the animal so as to prevent it from doing mischief. *Empire Spring Co.* v. *Edgar,* supra; *Sherfey* v. *Bartley,* supra.

The whole subject is fully covered in 1 R. C. L. under the title "Animals," and additional authorities, both early and late, will be found there.

The foregoing rules apply to persons who keep or harbor animals upon their premises with notice of their vicious disposition, whether they own them or

not. Applying these principles to the facts stated, it is beyond doubt that Mrs. Missio, as the owner and occupant of the premises upon which her brother harbored the vicious dogs with her knowledge and consent, is liable for the injuries inflicted by them upon defendant in error, unless her plea of coverture is good. It is well settled, however, that a married woman is liable in an action for her torts not committed in the presence, or under the supposed influence of her husband. 2 Bishop on Married Women, 256; Schouler on Husband and Wife, 134; *Dailey* v. *Houston,* 58 Mo., 361; *Marshall* v. *Oakes,* 51 Me., 308; all cited and approved in *Collier* v. *Struby,* 99 Tenn., 241, 47 S. W., 90.

The rule of *respondeat superior* does not apply to the torts of a married woman committed through the negligence of her husband because married women are not liable *ex contractu;* but the rule is otherwise, and, as just stated, where the action arises out of her personal tort. *Collier* v. *Struby,* supra. In this case the husband was not present and knew nothing of the action of the wife in harboring the vicious dogs, and of course the tort committed was not his personally, nor was it committed in his presence. Therefore the wife is liable for her personal tort. The husband is jointly liable with her because of their marriage relations. *Price* v. *Clapp,* 119 Tenn., 425, 105 S. W., 864, 123 Am. St. Rep., 730; 14 Am. & Eng. Ency. of Law, 647, *et seq.*

Other questions are made in the petition and assignments of error which we deem it unnecessary to discuss in this opinion. The result is that the writ of *certiorari* is denied.