THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* LULU NOONE, Defendant.

City Court of Middletown, February 16, 1940.

*Walter E. Deisseroth, Corporation Counsel*, for the plaintiff.

*Lulu Noone*, in person.

FAULKNER, J. This defendant is charged with a violation of section 25-a of the Public Health Law enacted to prevent the spread of rabies, in that she, being the owner of a dog, permitted him to be at large in a place where the statute states a dog cannot be, unless the animal is muzzled " with a properly fitting muzzle of a type which will not permit such dog to bite any person or other animal."

The testimony revealed that the defendant took the dog out for an airing, and while the defendant was on the easterly side of Grove street the dog was on complainant's premises on the opposite side, where complainant was attacked and bitten by the dog. It further appeared that the dog had a muzzle on which failed to meet the requirements of the statute, and I so find.

The section referred to provides that during a rabies quarantine " it shall be unlawful for any person owning, boarding or otherwise keeping or having in his custody a dog  *  *  *  to permit such

dog to be at large elsewhere than on the premises of the owner, except it be on the premises of another person with the knowledge and assent of such other person," unless muzzled as hereinbefore indicated.

The question for determination is what did the Legislature mean when it used the phrase " to be at large?" Had the dog been unaccompanied by its owner or other custodian it would be clear that he was " at large." Since he was accompanied by its owner to the extent shown was he " at large " as those words are used in the Public Health Law?

Section 25-a of the Public Health Law was added by chapter 185 of the Laws of 1926, and, as then added, contained the " at large " phrase. It has been amended three times by the Legislature but no change affected this phrase.

An examination of other statutes affecting animals " running at large " discloses that the Legislature has employed such language for over a century and it must be presumed from such established use that the Legislature employed such language in the statute in question in the same way that it had in other similar statutes. If it had intended that no unmuzzled dog should be at any place other than on the owner's premises or the premises of another with his assent, it could have easily so stated and attained this object by eliminating the words " to permit such dog to be at large."

The statute in question was designed to protect persons from the ravages of a most dangerous and virulent disease and every effort should be made to comply with the provisions of the Public Health Law pertaining to it.

In *Tonawanda Railroad Co.* v. *Munger* (5 Den. 255), decided in 1848 and affirmed by the Court of Appeals (4 N. Y. 349), the question was whether certain oxen were " lawfully going at large on the highways " as such language was used in the Revised Statutes (R. S. pt. 1, tit. 4, § 44). The court said (at p. 263): " The oxen were not in the highway for the ordinary purpose of travel in passing from one place to another, but having broken out of the plaintiff's field, were literally ' at large ' for grazing, rest or mischief, as their wants or instincts might prompt."

In 2 Am. Jur. (§ 150, p. 801) the law on this phase of the question is stated as follows: " ' Running at large,' within the comprehension of the statutes inflicting a penalty on one who suffers animals to be at large, means wandering, roving, or rambling at will, unrestrained. The charge or care sufficient to take a case out of the purview of a prohibitory statute does not always imply direct physical power to control the actions of the animals. In some instances moral means

are sufficient for the purpose, such as the proximity of the animals, the human voice, gestures, and the like. Whether, in a given case, physical or moral power over the animals is necessary depends on their nature, age, character, habits, discipline, and business or use at the time."

The question for decision in this case is whether the dog was " at large " when it was on complainant's premises on the westerly side of Grove street and his owner was on the opposite side of the street at a distance from the animal not disclosed by the testimony.

Certainly the defendant was not within the distance required to so control the acts of the dog as to prevent what happened. She was too far away to properly control and restrain the dog. The presence of the owner in the vicinity of the dog is, standing by itself, insufficient. Under the circumstances disclosed it is my opinion that the dog was " at large " under the rule laid down in *Commonwealth* v. *Dow* (10 Metc. [Mass.] 382) where it was held that a dog, loose and following the person in charge of him, through the streets of a town, at such a distance that the person could not exercise that control over the dog which would prevent mischief, was " going at large."

I find the defendant guilty of violating the statute in question. Let her submit herself for sentence February 19, 1940, at nine o'clock A. M.