VIRGINIA L. ALEX, Petitioner,

*v.*

JOSEPH D. ARMSTRONG, JR., and wife, KATHERINE M. ARMSTRONG, Respondents.

JOSEPH T. ALEX, Petitioner,

*v.*

JOSEPH D. ARMSTRONG, JR., and wife, KATHERINE M. ARMSTRONG.

385 S.W.2d 110.

(*Knoxville,* September Term, 1964.)

Opinion filed December 11, 1964.

AMBROSE & WILSON, ALBERT L. WITT, Knoxville, for petitioners.

STUART F. DYE, JOHN B. RAYSON, KRAMER, DYE, GREENWOOD, JOHNSON & RAYSON, Knoxville, of counsel, for respondents.

MR. JUSTICE HOLMES delivered the opinion of the Court.

The petitioners, Mr. and Mrs. Joseph T. Alex, hereinafter referred to as plaintiffs, sued the respondents, Mr. and Mrs. Joseph D. Armstrong, Jr., hereinafter referred to as defendants, for damages alleged to have been sustained when Mrs. Alex was knocked down by a German shepherd dog owned by the defendants. Mrs. Alex sustained a fracture of the right tibia just below the knee.

Mr. Alex sued for expenses and loss of services. The cases were tried together to a jury in the Circuit Court. There were verdicts for the plaintiffs which were approved by the Trial Judge. The defendants appealed to the Court of Appeals, where the judgments of the Trial Court were reversed and the causes dismissed. We have granted certiorari and have heard oral arguments.

The plaintiffs' declarations are in two counts, the first count being based on the common law, and the second count being based on an alleged violation of T.C.A. sec. 44-1408, which provides:

"Dogs not allowed at large—Exception.—It shall be unlawful for any person to allow a dog belonging to him, or under his control, or that may be habitually found on premises occupied by him, or immediately under his control, to go upon the premises of another, or upon a highway or upon a public road or street; provided, however, that this section and sec. 44-1409 shall not apply to a dog on a hunt or chase, or on the way to or from a hunt or chase, nor to a dog guarding or driving stock, or on the way for that purpose, nor to a dog being moved from one place to another, by a person owning or controlling a dog, but the foregoing exemptions shall not apply unless all damages done by dogs therein exempted, to the person or property of another, shall be paid or tendered to the person so damaged, or to his agent, within thirty (30) days after the damage is done."

T.C.A. sec. 44-1409 declares that the violation of T.C.A. sec. 44-1408 is a misdemeanor.

The record shows that on the afternoon of October 6, 1961 the plaintiff, Mrs. Alex, was standing in the carport

of her nextdoor neighbor, Mrs. Marsh, talking to Mrs. Marsh. The defendants' dog was playing in the Marsh front yard, running in circles, chasing a dog belonging to Mrs. Marsh. The defendants' dog while thus playing ran into Mrs. Alex, knocking her down and fracturing her leg as stated. Mrs. Alex testified the dog at that time weighed between 80 and 90 pounds and that it was a large dog. When asked about the height of the dog, Mrs. Alex testified, "It would come up almost to my hips."

The defendants, Mr. and Mrs. Armstrong, at that time lived across the street and several houses up the street from the home of the plaintiffs. On at least two occasions Mr. Alex had spoken to Mr. Armstrong about the Armstrong dog, whose name was "Penny". On no occasion is it shown the defendants' dog had ever bitten anyone. Mrs. Alex testified that on one occasion when she went to bring her 2½ year old son in from the play yard at her residence, "Penny saw me and chased me inside and started running up and down the fence barking."

As a result of the complaints about Penny, Mr. Armstrong on one occasion attempted to restrain Penny by placing her on a chain that was hooked on to a wire between two trees on the Armstrong property. Both Mr. and Mrs. Armstrong are employed and are away from home during the day five days a week. On the occasion when Penny was thus restraind she had broken the chain when Mr. and Mrs. Armstrong came home, and no further efforts were made to restrain the dog. Thereafter, when Mr. and Mrs. Armstrong left for work, Penny was left free to go and come as she saw fit. In explaining why he made no further attempts to restrain Penny, Mr.

Armstrong stated that he knew the dog was not dangerous and therefore didn't try again to tie her.

Mrs. Marsh, on whose property this accident occurred, testified that she didn't object to Penny's presence on her property and that Penny spent a good part of her time playing in the Marsh yard.

The Court of Appeals held "the dog was not 'at large' at the time of the accident, as contemplated by the statute."

 With this conclusion, we are unable to agree. Since Penny was free to come and go at will while Mr. and Mrs. Armstrong were away from home at their respective employments, we can only conclude that by permitting the dog this freedom of action the defendants allowed the dog to be "at large".

In *Dalton v. Dean*, 175 Tenn. 620, 623, 136 S.W.2d 721, 722, this Court had occasion to construe the statute and held:

"To be at large means to be free and unrestrained. A dog is quite generally obedient to its master and is not at large when accompanying or following its master, but under control."

Other Courts have construed statutes similar to T.C.A. sec. 44-1408 and have adopted the same definition of "at large". In *Wright v. Clark*, 50 Vt. 130, 134, the Court held:

"Running at large is used in the statute in the sense of strolling without restraint or confinement, or wandering, roving, or rambling at will, unrestrained. Perhaps no precise abstract rule under the statute can be laid down, applicable to every case, as to the nature,

character, and amount of restraint necessary to be exercised over a domestic animal.''

There the question was whether or not a dog hunting a fox with its master was running at large in violation of the statute.

In *People v. Noone,* 173 Misc. 259, 17 N.Y.S.2d 524, 526, the Court held:

''A dog, loose and following the person in charge of him, through the streets of a town, at such a distance that the person could not exercise that control over the dog which would prevent mischief, was 'going at large'.''

In 4 Am.Jur.2d, Animals, Section 42, Page 293, it is stated:

'' 'Running at large,' within the meaning of a statute or ordinance prohibiting animals from running at large, or inflicting penalty upon one who suffers animals to be at large, denotes animals wandering, roving, or rambling at will and unrestrained.''

■ The fact that Mrs. Marsh, the owner of the property on which the accident occurred, did not object to Penny's presence on her property, in our judgment, did not prevent a violation of the statute, for the statute makes it unlawful for the owner of a dog to allow the animal to go upon the premises of another. The statute is not limited to the premises of another who objects to the presence of the animal. Of course, if Mrs. Marsh were the plaintiff, it might well be that her acquiescence in the violation of the statute would create a different situation in her case, but we do not have that question here. Nor do we have a case where an animal escaped from restraint without actual or constructive knowledge on

the part of its owner that the animal was likely to escape and run at large. Cases dealing with what is necessary *to allow* an animal to run at large are collected in 34 A.L.R.2d 1285, 1289. Here, the defendants *allowed* Penny complete freedom following one unsuccessful attempt to restrain her.

 The rules in Tennessee relating to liability for the violation of a statute have been stated as follows:

"It is well settled that a failure to perform a statutory duty is negligence per se, and, if the injury is the proximate result or consequence of the negligent act, there is liability." *Wise & Co. v. Morgan,* 101 Tenn. 273, 278, 48 S.W. 971, 44 L.R.A. 548.

"It has long been well settled in this State that a violation of a statute which causes injury to one within the protection of the statute is negligence per se and actionable." (citing numerous cases) *Null v. Elec. Power Board of Nashville,* 30 Tenn.App. 696, 707, 210 S.W.2d 490, 494.

"In order to found an action on the violation of a statute, or ordinance, * * * the person suing must be such a person as is within the protection of the law and intended to be benefited thereby * * * We think that one not a beneficiary of a statute may neither base an action nor a defense on a violation thereof." *Carter v. Redmond,* 142 Tenn. 258, 263, 218 S.W. 217, 218.

In determining whether or not a person in the situation of the plaintiff is a beneficiary of T.C.A. sec. 44-1408 within the meaning of the above stated rules, it is to be observed that the exception in this code section in favor of a dog on a hunt or chase, etc., is not applicable unless *"all damages* done by the dogs therein exempted, *to the*

*person or property of another,* shall be paid'' etc. (Emphasis supplied) This code section originally came into our law as Ch. 50, Acts of 1901. The caption of this statute is:

"AN ACT to protect persons and property from injury by dogs going at large."

Clearly, the purpose of the statute making it unlawful to allow a dog to be at large is to protect persons and property from injury by dogs.

■ The issue of whether or not the violation of this statute was a proximate cause of the accident and resulting injury to the plaintiffs was one for the jury. The Trial Judge properly defined proximate cause and instructed the jury there could be no recovery on the statutory count unless the jury found that the violation of the statute was a proximate cause of the accident and resulting injury. We, therefore, conclude that since the plaintiffs come within the category of those entitled to the protection of the statute and there is evidence to support a finding that the defendants violated the statute, the Court of Appeals was in error in holding that the Trial Judge should not have submitted the case to the jury on the statutory count of the declaration.

■ The Court of Appeals further held that the Trial Court also committed error in denying defendants' motion for a directed verdict on the common law count. We agree with the result reached by the Court of Appeals as to the common law count. The facts of this case do not bring it within the rules stated in *Missio v. Williams,* 129 Tenn. 504, 167 S.W. 473, L.R.A. 1915A, 500, and later cases following that case, in which the elements essential to common law liability of the owner of a dog to one injured by the dog are stated.

It is true that in determining whether or not the owner of a dog has notice of its vicious. or mischievous propensities, which notice is essential to common law liability, Courts generally hold that acts done by the dog that are dangerous from playfulness or mischievousness are to be considered, as well as acts of viciousness itself. The Alabama Court stated this rule in *Owen v. Hampson*, 258 Ala. 228, 62 So.2d 245, 248, as follows:

"Based on a review of our cases, as well as those from other jurisdictions, it is our opinion that the law makes no distinction between an animal dangerous from viciousness and one merely mischievous or dangerous from playfulness".

The reason for the rule that an animal may be of a dangerous propensity from playfulness as well as viciousness is stated, as follows, in 4 Am.Jur. 2d, Animals, Section 86, Page 332:

"In this respect, a vicious or dangerous disposition or propensity may consist of mere mischievousness or playfulness of the animal, which, because of its size or nature, might lead to injury, for it is the act of the animal, rather than its state of mind, which charges the owner or keeper with liability."

Decisions from many jurisdictions applying this rule are collected in 3 C.J.S. Animals sec. 148c, page 1250, and in the supplement thereto.

Having examined the evidence in the record, it is our judgment there is not sufficient evidence to charge the defendants with notice that this dog was of a vicious or dangerous disposition or propensity within the rules stated in *Missio v. Williams*, supra, and the authorities cited above. We, therefore, conclude that the Court of

Appeals was correct in holding that the Trial Judge should have sustained the defendants' motion for a directed verdict on the common law count of the declaration.

The jury returned general verdicts in these cases, finding the issues in favor of the plaintiffs and fixing the amount of the damages. It has long been the rule that a general verdict approved by the Trial Judge is not vitiated by the absence of proof on one or more counts of the declaration if there is evidence to sustain the averments of a single count. *East Tennessee, V. & G. Railroad Co. v. Gurley,* 80 Tenn. 46; *Tenn. Central Ry. Co. v. Umenstetter,* 155 Tenn. 235, 291 S.W. 452. Also Chapter 32, Acts of 1911, now T.C.A. sec. 27-117, prevents a reversal for any error in procedure unless it affirmatively appears that the error complained of affected the result of the trial.

For the reasons stated, the judgment of the Court of Appeals dismissing these cases as on directed verdicts is reversed, and the judgments of the Trial Court are reinstated at the cost of the defendants.