IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 28, 2012 Session

# BARRY W. BETHEL, ET AL. v. NEILL SANDLER BUICK PONTIAC GMC, INC., ET AL.

Appeal from the Circuit Court for Rutherford County
No. 52688    J. Mark Rogers, Judge

No. M2011-00356-COA-R3-CV - Filed July 24, 2012

This is an appeal of a jury verdict in favor of Plaintiff in an action for misrepresentation and breach of contract.  The jury returned a general verdict finding Defendant liable and awarding Plaintiff $62,083.18 in compensatory damages.  Defendant appeals, asserting that the elements of misrepresentation are not supported by the evidence and that the jury was improperly instructed on the issue of damages.  We hold there is substantial and material evidence in support of a finding that Defendant breached the contract between the parties and affirm the jury's verdict in all respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P. J., M. S., and ANDY D. BENNETT, J., joined.

John P. Doyle, Murfreesboro, Tennessee, for the Appellant, Martin Duane Luplow.

John Isaac Harris, Nashville, Tennessee, for the Appellee, Barry W. Bethel.

## OPINION

### FACTUAL AND PROCEDURAL HISTORY

On October 31, 2005, Barry Bethel, a former sales manager with Neill-Sandler Buick-Pontiac-GMC ("Neill-Sandler") filed suit against Neill-Sandler, Mike Sandler, Jeff Pyle, and Marty Luplow (collectively referred to as "Defendants"), alleging that the Defendants fraudulently misrepresented the amount of his compensation.  Subsequently, Neill-Sandler

and Mike Sandler filed motions for summary judgment which were granted by the trial court; Mr. Bethel settled his claim against Mr. Pyle.

The matter proceeded to a jury trial on September 28, 30, and October 5, 2010 with Mr. Luplow as the only defendant. Mr. Bethel testified that he first became acquainted with Mr. Luplow and Mr. Pyle in 1998 when he and Mr. Pyle worked under the supervision of Mr. Luplow at Crest Cadillac. In November 2003, Mr. Luplow left Crest Cadillac and went to work for Neill-Sandler as a general sales manager. Thereafter, Mr. Luplow recruited Mr. Bethel and Mr. Pyle to work at Neill-Sandler as part of his management team as the managers of the used and new car divisions, respectively. Mr. Bethel testified that he requested Mr. Luplow to negotiate the terms of his employment with Neill-Sandler and asked that his compensation plan be the same as Mr. Pyle's; Mr. Luplow agreed to both requests. Mr. Bethel testified that this pay arrangement was important to him because it eliminated the competition between the new and used car divisions "and made us work together as a team simply because we knew that whatever we sold, as long as we worked together and sold it, we both got compensated for it."

When Mr. Bethel and Mr. Pyle began working for Neill-Sandler, their commission-based compensation plans were not yet negotiated; they were both paid a flat rate of approximately $8,000 per month. Beginning in January 2004, Mr. Luplow negotiated the commission rates and finalized agreements with Neill-Sandler whereby Mr. Pyle would make a five percent commission and Mr. Bethel would make four percent. Mr. Bethel never received a written employment contract; he believed, based on representations by Mr. Luplow, that his pay was the same as Mr. Pyle's. In October 2005, after two years of employment, Mr. Bethel discovered that Mr. Pyle was making one percent more in commissions.

The case was submitted to the jury on theories of breach of contract and misrepresentation. The jury returned a verdict in favor of Mr. Bethel and awarded compensatory damages in the amount of $62,083.18. Mr. Luplow's motion for a new trial was denied, and he appeals.

## STANDARD OF REVIEW

Our standard of reviewing the evidentiary foundation of a jury's verdict is found at Tenn. R. App. 13(d), which provides that "[f]indings of fact by a jury in a civil action shall be set aside only if there is no material evidence to support the verdict." Tenn. R. App. P. 13(d); *Kelley v. Johns*, 96 S.W.3d 189,194 (Tenn. Ct. App. 2002). With respect to this standard of review, this Court has further explained:

The process of ascertaining whether evidentiary support exists for a jury's verdict is very deferential toward the verdict. *Barrett v. Vann*, No. E2006-01283-COA-R3-CV, 2007 WL 2438025, at * 11 (Tenn. Ct. App. Aug. 29, 2007) (No Tenn. R. App. P. 11 application filed); *Ballard v. Serodino, Inc.*, No. E2004-02656-COA-R3-CV, 2005 WL 2860279, at *3 (Tenn. Ct. App. Oct. 31, 2005) (No Tenn. R. App. P. 11 application filed). Reviewing courts must (1) take the strongest legitimate view of the evidence that favors the verdict, (2) assume the truth of all the evidence that supports the verdict, and (3) allow all reasonable inferences that sustain the verdict. *Braswell v. Lowe's Home Ctrs., Inc.*, 173 S.W.3d at 43; *Kelley v. Johns*, 96 S.W.3d 189, 194 (Tenn. Ct. App. 2002).

*Duran v. Hyundai Motor Am., Inc.*, 271 S.W.3d 178, 204 (Tenn. Ct. App. 2008).

## ANALYSIS

Mr. Luplow urges this Court to reverse the award of compensatory damages and argues that the elements of misrepresentation are not supported by the proof. He also asserts that the trial court incorrectly charged the jury with respect to damages.

This case was submitted to the jury on two theories of liability: misrepresentation and breach of contract. The court provided several instructions to the jury, including the following regarding breach of contract:

T.P.I.-CIVIL 13.08
Parol Agreements

A contract may consist of both written and oral promises. The oral terms of the contract may be enforced just as though those terms had appeared in a written agreement.

T.P.I.-CIVIL 13.10
Breach

If you find that a valid contract was entered into you must determine whether the defendant breached the contract. If a party does not perform according to the contract terms, that party has committed a breach of the contract. Any unexcused breach of contract allows a non-breaching party to recover damages.

-3-

The plaintiff claims that the defendant breached the contract in the following instances:

Plaintiff Bethel claims that Defendant Luplow agreed to negotiate an employment agreement for Bethel with the dealership under which Bethel would receive the same compensation package as the one that existed with Jeff Pyle.

The defendant denies this.

The breach of contract must be a material breach. A minor and insubstantial failure of a party to meet the terms of a contract does not entitle the other party to reject the contract and not be responsible under it. A party who commits the first substantial breach of a contract cannot enforce the contract against the other party even if the other party later fails to abide by the terms of the contract.

T.P.I.-CIVIL 14.70
Contracts Generally

When a contract is breached, the plaintiff is entitled to be placed in as good a position as would have been occupied had the contract been fulfilled in accordance with its terms. The plaintiff is not entitled to be put in a better position by a recovery of damages for breach of contract than would have been realized had there been full performance. The damages to be awarded are those that may fairly and reasonably be considered as arising out of the breach or those that may reasonably have been in the contemplation of the parties when the contract was made. Damages that are remote or speculative may not be awarded.

The jury returned a general verdict finding in favor of Mr. Bethel and awarded $62,083.18 in compensatory damages.[1]

---

[1] The jury verdict form stated, in pertinent part, as follows:

We the jury unanimously answer the questions submitted by the Court as follows:
1. Do you find the Defendant, Marty Luplow, to be liable to the Plaintiff, Barry Bethel?

Yes:    X                        No: _____

(continued...)

-4-

In his principal brief in this Court, Mr. Luplow does not contend that the elements of breach of contract are not supported by the record. In his reply brief, however, in response to Mr. Bethel's assertion that the verdict should be upheld on the theory of breach of contract, Mr. Luplow argues that the salaries of Mr. Pyle and Mr. Bethel were identical when the two were hired in late 2003 and that this initial compensation structure fulfilled any contractual obligation of Mr. Luplow. Mr. Luplow's argument ignores the evidence in the record that the contract between Mr. Luplow and Mr. Bethel was for Mr. Luplow to negotiate a commission-based pay structure for Mr. Bethel that was the same as Mr. Pyle's.

Our review of the record reveals that the jury's verdict is in accordance with the charge it was given and is supported by evidence showing that Mr. Luplow failed to negotiate a commission-based salary for Mr. Bethel that was commensurate with that of Mr. Pyle.[2] Thus, we need not reach Mr. Luplow's arguments regarding misrepresentation where there is evidence in the record to support the jury's verdict under a breach of contract theory. As our Supreme Court has previously explained, "a general verdict approved by the Trial Judge is not vitiated by the absence of proof on one or more counts of the declaration if there is evidence to sustain the averments of a single cou[n]t." *Alex v. Armstrong*, 385 S.W.2d 110, 115 (Tenn. 1964).

Mr. Luplow next contends that the trial court erroneously instructed the jury on the "Benefit of the Bargain" measure of damages which "allowed the jury to award contract damages . . . ." We are not persuaded by Mr. Luplow's argument. It is the trial court's duty to instruct the jury on "every factual issue and theory of the case presented by the parties." *Ricketts v. Robinson*, 169 S.W.3d 642, 646 (Tenn Ct. App. 2002) (citing *Cole v. Woods*, 548 S.W.2d 640, 642 (Tenn. 1977)). Our standard for reviewing a trial court's jury charge is as follows:

> We review the jury charge in its entirety to determine whether the trial judge committed reversible error. Jury instructions are not measured against the

---

[1](...continued)
*If your anser is "no," stop here, sign the verdict form and return to the Court.*
*If your answer is "yes", [sic] proceed to question 2.*

2. We find that the Plaintiff, Barry Bethel, is entitled to an award of compensatory damages in the amount of : $62,083.18

[2] There is undisputed evidence that Mr. Bethel and Mr. Pyle were paid different commissions. The exact amount of the difference between their salaries, as reflected on the spreadsheet introduced through the testimony of Mike Sandler and made trial Exhibit 1, is the amount awarded by the jury in compensatory damages—$62,083.18.

standard of perfection. The charge will not be invalidated if it "fairly defines the legal issues involved in the case and does not mislead the jury." Furthermore, a particular instruction must be considered in the context of the entire charge.

*Id.* (citing *City of Johnson City v. Outdoor West, Inc.*, 947 S.W.2d 855, 858 (Tenn. Ct. App. 1996)). In light of the fact that this case was submitted to the jury under a breach of contract theory, the charge, quoted in relevant part above, fairly defined the legal issues and did not mislead the jury. Therefore, we affirm the jury's verdict in favor of Mr. Bethel and its award of $62,083.18 in compensatory damages.

## CONCLUSION

For the foregoing reasons, we affirm the jury's verdict in all respects.

_____
RICHARD H. DINKINS, JUDGE

-6-