# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
April 19, 2016 Session

## OMNI INSURANCE COMPANY A/S/O LISA J. EARL
## v. DENNIS R. NICKOLOFF

**Appeal from the Circuit Court for Anderson County**
**No. B2LA0324     Donald R. Elledge, Judge**

_____

**No. E2015-01450-COA-R3-CV – Filed June 2, 2016**

_____

This appeal arises from an accident involving an automobile and a pedestrian that occurred in Anderson County. The pedestrian's insurer, as subrogee of the pedestrian, filed the instant action, alleging that the defendant driver should be held liable for negligence and negligence *per se*. Following a bench trial, the trial court assessed liability against the driver and awarded the pedestrian's insurer $50,000.00 in damages. The driver timely appealed. On appeal, the driver filed a statement of the evidence, approved by the trial court, that contains insufficient evidence to support the trial court's judgment. We therefore reverse the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Reversed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Salvatore W. Varsalona and Wendell K. Hall, Clinton, Tennessee, for the appellant, Dennis R. Nickoloff.

Evalina C. Cheadle, Nashville, Tennessee, for the appellee, Omni Insurance Company as subrogee of Lisa J. Earl.

## OPINION

### I. Factual and Procedural Background

Omni Insurance Company as subrogee of Lisa J. Earl ("Omni") filed a complaint in the Circuit Court for Anderson County ("trial court") on November 19, 2012, alleging

that the defendant, Dennis Nickoloff, acted negligently when he struck Ms. Earl with his vehicle. Omni averred that on May 13, 2009, at approximately 10:40 p.m., Ms. Earl was walking on the sidewalk along Charles G. Seivers Boulevard in Anderson County, heading west. According to Omni, Mr. Nickoloff was driving his vehicle in a westerly direction on Charles G. Seivers Boulevard when his vehicle struck Ms. Earl. Omni asserted that Mr. Nickoloff, *inter alia*, acted in a negligent and careless manner, failed to yield to a pedestrian, and failed to keep his vehicle in control. Omni also asserted that Mr. Nickoloff was liable for negligence *per se* due to his violation of Tennessee Code Annotated § 55-8-136 (2012), which provides in pertinent part that "every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway . . . ." Claiming that Ms. Earl suffered serious personal injuries and incurred medical expenses resulting from the accident, Omni attached bills totaling over $3,465.00 in support of the claim. Omni sought $50,000.00 in compensatory damages.

Mr. Nickoloff answered the complaint, denying the allegations of negligence. Following a bench trial conducted on June 15, 2015, the trial court entered a judgment on July 6, 2015, holding Mr. Nickoloff liable for injuries to Ms. Earl in the amount of $50,000.00. The court's order states in pertinent part:

> There was an automobile collision on the evening of May 13, 2009. Plaintiff's insured, Lisa J. Earl, was walking on the sidewalk. Defendant, Dennis R. Nickoloff, acknowledged that he hit Ms. Earl with his vehicle on the evening of May 13, 2009. As a result of the collision, Ms. Earl sustained extensive personal injuries and damages in no less amount than plaintiff's $50,000.00 policy limits.

Mr. Nickoloff timely filed his notice of appeal on August 5, 2015. Mr. Nickoloff subsequently submitted a statement of the evidence pursuant to Tennessee Rule of Appellate Procedure 24, which was approved by the trial court as a true and accurate record of the proceedings. The record contains no objection to the statement by Omni. The statement provides in pertinent part:

> The first witness at trial was Lisa J. Earl, the Plaintiff's insured. Ms. Earl testified that she was walking on the sidewalk on Charles G. Seivers Boulevard in Clinton, Tennessee. She testified that the next thing she remembered was waking up in the hospital on May 13, 2009. Ms. Earl unambiguously stated that she had absolutely no recollection of the events leading up to her hospital admittance.

> Next, the Plaintiff's attorney called the Defendant/Appellant, Dennis R. Nickoloff. Mr. Nickoloff began his testimony by apologizing for what

happened on the evening of May 13, 2009. However, the Defendant adamantly testified that he never left the confines of Charles G. Seivers Boulevard. The Defendant further testified that while he was operating his automobile in the west-bound lane of Charles G. Seivers Boulevard, the Plaintiff's insured, Lisa J. Earl, came into contact with the passenger side front of his vehicle.

## II. Issues Presented

Mr. Nickoloff presents the following issues for our review, which we have restated slightly:

1.  Whether the trial court erred by finding sufficient evidence to hold Mr. Nickoloff liable for negligence.

2.  Whether the trial court erred insofar as the court held Mr. Nickoloff liable for negligence *per se*.

## III. Standard of Review

As this Court has explained:

> The standards this court uses to review the results of bench trials are well-settled. With regard to a trial court's findings of fact, we will review the record de novo and will presume that the findings of fact are correct "unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d). We will also give great weight to a trial court's factual findings that rest on determinations of credibility. *In re Estate of Walton,* 950 S.W.2d 956, 959 (Tenn. 1997); *B & G Constr., Inc. v. Polk,* 37 S.W.3d 462, 465 (Tenn. Ct. App. 2000). If, however, the trial court has not made a specific finding of fact on a particular matter, we will review the record to determine where the preponderance of the evidence lies without employing a presumption of correctness. *Ganzevoort v. Russell,* 949 S.W.2d 293, 296 (Tenn. 1997).

> * * *

> The presumption of correctness in Tenn. R. App. P. 13(d) applies only to findings of fact, not conclusions of law. Accordingly, appellate courts review a trial court's resolution of legal issues without a presumption of correctness and reach their own independent conclusions regarding these

issues. *Johnson v. Johnson,* 37 S.W.3d 892, 894 (Tenn. 2001); *Nutt v. Champion Int'l Corp.,* 980 S.W.2d 365, 367 (Tenn. 1998); *Knox County Educ. Ass'n v. Knox County Bd. of Educ.,* 60 S.W.3d 65, 71 (Tenn. Ct. App. 2001); *Placencia v. Placencia,* 48 S.W.3d 732, 734 (Tenn. Ct. App. 2000).

*C-Wood Lumber Co., Inc. v. Wayne Cty. Bank*, 233 S.W.3d 263, 271-72 (Tenn. Ct. App. 2007).

## IV. Negligence

Mr. Nickoloff argues that the trial court based its decision solely on Mr. Nickoloff's acknowledgement that his vehicle struck Ms. Earl and not on the required elements of a negligence claim. As Mr. Nickoloff points out, a plaintiff must prove the following elements of a negligence claim:

(1) a duty of care owed by the defendant to the plaintiff;

(2) conduct by the defendant that falls below the standard of care amounting to a breach of that duty;

(3) an injury or loss;

(4) causation in fact; and

(5) proximate causation.

*Rice v. Sabir*, 979 S.W.2d 305, 308 (Tenn. 1998); *Hickman v. Jordan*, 87 S.W.3d 496, 499 (Tenn. Ct. App. 2001). Mr. Nickoloff contends that he was not shown to have breached the duty of care he owed to Ms. Earl because there was no evidence that his vehicle left the roadway or that he was not keeping a proper lookout for pedestrians.

Mr. Nickoloff relies upon this Court's decisions in *McCain v. Pugh*, No. W2000-02218-COA-R3-CV, 2002 WL 818227 at *1 (Tenn. Ct. App. Apr. 29, 2002), and *Lowery v. Franks*, No. 02A01-9612-CV-00304, 1997 WL 566114 at *4 (Tenn. Ct. App. Sept. 10, 1997). In both of those cases, the defendant drivers of automobiles that struck pedestrians were found not liable because there was inadequate proof of negligence by the drivers. *Id.* As this Court elucidated, "Tennessee courts have repeatedly stated that negligence is not presumed from the mere fact of an accident or injury." *See Lowery*, 1997 WL 566114 at *4; *see also McCain*, 2002 WL 818227 at *3 ("Negligence may not be presumed from the mere fact of the accident itself."). In *McCain*, the defendant driver

testified that the pedestrian suddenly stepped off the sidewalk and into the path of the driver's vehicle. *See McCain*, 2002 WL 818227 at *2. Similarly, in *Lowery*, the pedestrian walked into the lane of traffic in which the defendant was driving. *See Lowery*, 1997 WL 566114 at *2. In those instances, this Court determined that the negligence of the drivers had not been adequately proven. *See Lowery*, 1997 WL 566114 at *4; *see also McCain*, 2002 WL 818227 at *3.

In the case at bar, the trial court did not address the elements of negligence listed above, nor did the trial court make any findings regarding these elements. Rather, the trial court simply found that (1) Ms. Earl was walking on the sidewalk and (2) Mr. Nickoloff acknowledged that his vehicle hit Ms. Earl. These factual findings do not fully satisfy the negligence inquiry because they do not establish that Mr. Nickoloff breached a duty of care owed to Ms. Earl, causing her injury. *See Lowery*, 1997 WL 566114 at *4; *see also McCain*, 2002 WL 818227 at *3. In other words, the trial court did not expressly determine that Mr. Nickoloff was driving in a negligent manner when the accident occurred or make sufficient factual findings to support that determination.

As this Court has elucidated with regard to the sufficiency of findings of fact and conclusions of law:

> In a bench trial, Rule 52.01 of the Tennessee Rules of Civil Procedure requires trial courts to issue findings of fact and conclusions of law:
>
> > In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment. The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein.
>
> Tenn. R. Civ. P. 52.01 (2013). The legislature's decision to require findings of fact and conclusions of law is "not a mere technicality." *Paul v. Watson,* No. W2011-00687-COA-R3-CV, 2012 WL 344705, at *5; 2012 Tenn. App. LEXIS 65, at *15 (Tenn. Ct. App. Feb. 2, 2012) (citing *In re K.H.,* No. W2008-01144-COA-R3-PT, 2009 WL 1362314, at *8; 2009 Tenn. App. LEXIS 225, at *22-23 (Tenn. Ct. App. May 15, 2009)). The requirement serves the important purpose of "facilitat[ing] appellate review and promot[ing] the just and speedy resolution of appeals." *Paul,* 2012 WL 344705, at *5, 2012 Tenn. App. LEXIS 65, at *15 (quoting *In re K.H.,*

2009 WL 1362314, at \*8, 2009 Tenn. App. LEXIS 225, at \*21-22) (citing *White v. Moody,* 171 S.W.3d 187, 191 (Tenn. Ct. App. 2004); *Bruce v. Bruce,* 801 S.W.2d 102, 104 (Tenn. Ct. App. 1990)). "Without such findings and conclusions, this [C]ourt is left to wonder on what basis the court reached its ultimate decision." *Paul,* 2012 WL 344705, at \*5, 2012 Tenn. App. LEXIS 65, at \*15; *In re K.H.,* 2009 WL 1362314, at \*8, 2009 Tenn. App. LEXIS 225, at \*22 (quoting *In re M.E.W.,* No. M2003-01739-COA-R3-PT, 2004 WL 865840, at \*19; 2004 Tenn. App. LEXIS 250, at \*58 (Tenn. Ct. App. Apr. 21, 2004)).

*In re Estate of Woolverton*, No. W2013-00517-COA-R3-CV, 2014 WL 346655 at \*6 (Tenn. Ct. App. Jan. 30, 2014). In the case at bar, the trial court had no basis upon which to assess liability against Mr. Nickoloff in the absence of findings sufficient to establish the requisite elements of negligence.

Furthermore, even if this Court "review[s] the record to determine where the preponderance of the evidence lies without employing a presumption of correctness," *see C-Wood Lumber Co.,* 233 S.W.3d at 271, the statement of the evidence provided is simply inadequate to establish the requisite elements of a negligence claim. The statement of the evidence provides only that (1) Ms. Earl was walking along the sidewalk and awoke in the hospital with no memory of how she came to be there, (2) Mr. Nickoloff was driving on the roadway, (3) his car never left the roadway, and (4) Ms. Earl's body came into contact with the passenger side of his car. Again, this evidence does not establish that Mr. Nickoloff breached the duty of care that he owed to Ms. Earl, causing her injury. *See Lowery*, 1997 WL 566114 at \*4; *see also McCain*, 2002 WL 818227 at \*3. As demonstrated by the outcomes in *Lowery* and *McCain*, there exists the possibility that such an injury can occur in the absence of negligence by the driver. *Id.*

Omni attempts to assert other facts that it contends were adduced at trial but which do not appear in the statement of the evidence. This Court, however, cannot consider any facts not established in the appellate record. *See Reid v. Reid,* 388 S.W.3d 292, 295 (Tenn. Ct. App. 2012) ("'The duty to see to it that the record on appeal contains a fair, accurate, and complete account of what transpired with respect to the issues being raised on appeal falls squarely on the shoulders of the parties themselves, not the courts. . . .'" "'The law is clear that statements of fact made in or attached to pleadings [or] briefs . . . are not evidence and may not be considered by an appellate court unless they are properly made part of the record,' *i.e.,* approved by the trial court.") (quoting *Trusty v. Robinson,* No. M2000-01590-COA-R3-CV, 2001 WL 96043 at \*1 (Tenn. Ct. App. Feb. 6, 2001); *Threadgill v. Bd. of Pro'l Resp.,* 299 S.W.3d 792, 812 (Tenn. 2009)). Therefore, we conclude that the trial court's judgment must be reversed because there is no proof in this record to support the trial court's determination that Mr. Nickoloff should be held liable.

## V. Negligence *Per Se*

Mr. Nickoloff also contends that the trial court's determination of liability cannot be premised upon negligence *per se* due to the trial court's lack of findings in that regard. We agree. As this Court has previously elucidated regarding a claim of negligence *per se*:

> In order to recover on the basis of negligence *per se,* three elements must be established. First, it must be shown that the defendant violated a statute or ordinance which "imposes a duty or prohibits an act for the benefit of a person or the public." *Nevill v. City of Tullahoma,* 756 S.W.2d 226, 232-233 (Tenn. 1988) (citing *Queen v. Dayton Coal & Iron Co.,* 95 Tenn. 458, 32 S.W. 460 (1895) and *Memphis Street Railway v. Haynes,* 112 Tenn. 712, 81 S.W. 374 (1904)). Second, the proof must show that the injured party was within the class of persons whom the legislative body intended to benefit and protect by the enactment of that particular statute or ordinance. *Traylor v. Coburn,* 597 S.W.2d 319, 322 (Tenn. App. 1980) (citing *Carter v. Redmond,* 142 Tenn. 258, 218 S.W. 217 (1920)). In addition to establishing negligence *per se* by showing these two elements, the plaintiff must of course show that such negligence was the proximate cause of the injury. *Brookins v. The Round Table,* 624 S.W.2d 547, 550 (Tenn. 1981); *Alex v. Armstrong,* 215 Tenn. 276, 283, 385 S.W.2d 110, 114 (1964).

*Smith v. Owen*, 841 S.W.2d 828, 831 (Tenn. Ct. App. 1992). In the case at bar, the trial court made no findings with regard to the above elements. Further, the record contains no proof of such elements.

## VI. Conclusion

For the foregoing reasons, we reverse the trial court's order assessing liability and awarding damages. We remand this case to the trial court for collection of costs assessed below. Costs on appeal are assessed to the appellee, Omni Insurance Company.

_____
THOMAS R. FRIERSON, II, JUDGE

7