**Eric HILL, Plaintiff,**

v.

**Moses E. CANTOR, Defendant.**

**Civ. A. No. 1892.**

United States District Court
E. D. Tennessee,
Northeastern Division.

Oct. 21, 1965.

504

Bryant, Brandt & Price, Johnson City, Tenn., Walter L. Price, Johnson City, Tenn., of counsel, for plaintiff.

Bernard Cantor and John S. McLellan, Kingsport, Tenn., for defendant.

NEESE, District Judge.

This is a diversity action for damages for alleged libel of the plaintiff by the defendant. 28 U.S.C. § 1332. The complaint charges, *inter alia*, that the defendant published defamatory statements concerning the plaintiff when the defendant " * * * well knew that the statements * * * were false, scurrilous and libelous; and the publication of the same by the defendant was willful and malicious and with deliberate intent to injure the plaintiff * * *."

The defendant has moved for a dismissal of the action on the ground that the complaint does not state a claim on which relief can be granted, Rule 12(b)(6), Federal Rules of Civil Procedure, and, consequently, for a judgment on the pleadings, Rule 12(c), supra. A motion under Rule 12(c) will be treated as a motion for a summary judgment, under Rule 56, supra, and the movant has the burden of establishing that there is no genuine issue of material fact, any doubt thereunto pertaining being resolved against the moving party. Short v. Louisville and Nashville Railroad Company, D.C. Tenn.(1962), 213 F.Supp. 549, citing Warner v. First National Bank of Minneapolis, C.A.8th, (1956), 236 F.2d 853, certiorari denied (1956), 352 U.S. 927, 77 S.Ct. 226, 1 L.Ed.2d 162.

It is obvious to the Court that a genuine issue of material fact is extant between these parties, and that a summary judgment should not now be granted the defendant. Poller v. Columbia Broadcasting System, Inc. (1962), 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458. Although the allegedly defamatory matter on which this action is based is exhibited with the complaint and, therefore, is uncontroverted, it is for the trier of facts to determine whether or not any false or erroneous statements therein were published by the defendant with knowledge of their falsity or with reckless disregard of whether same were true or false. McNabb v. Tennessean Newspapers, Inc., C.A.Tenn.(1965); Langford v. Vanderbilt University (1956), 199 Tenn. 389, 400 [6], 287 S.W.2d 32; 33 Am.Jur. 137, 155, 157, 160–161, 164, Libel and Slander §§ 139, 160–163, 169.

Whether any such statements were published by the defendant with actual malice, cf. New York Times v. Sullivan (1964), 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686, 95 A.L.R.2d 1412, 1453–1455; and 33 Am.Jur. 161–164, supra, § 169, need not be considered for the purposes of this motion. Summary judgment for the defendant is not proper where, although the basic facts are not in dispute, parties in good faith may disagree nevertheless about the inferences to be drawn from the facts. S. J. Groves & Sons Company v. Ohio Turnpike Commission, C.A.6th (1963), 315 F.2d 235, certiorari denied (1963), 375 U.S. 824, 84 S.Ct. 65, 11 L.Ed.2d 57.

The defendant's motion of August 30, 1965, accordingly, hereby is

Denied.