**William F. BUCKLEY, Jr., Plaintiff,**

v.

**ESQUIRE, INC., Defendant.**

**No. 69 Civ. 3577.**

United States District Court,
S. D. New York.

June 30, 1972.

Hellerstein, Rosier & Rembar, New York City, for plaintiff; Charles Rembar, Frank R. Curtis, New York City, of counsel.

Cravath, Swaine & Moore, New York City, for defendant; Robert S. Rifkind, New York City, of counsel.

OPINION and ORDER

LEVET, District Judge.

## I. BACKGROUND OF THIS MOTION

This is a motion by defendant Esquire, Inc. ("Esquire") for summary judgment dismissing a complaint of plaintiff William F. Buckley, Jr. for libel.

Plaintiff seeks $1,000,000 damages based on an allegedly libelous and defamatory article written by Gore Vidal which was published in the September 1969 issue of Esquire magazine and republished in December 1969 in an anthology of Esquire articles entitled "Smiling Through the Apocalypse." The complaint in this action was filed on August 13, 1969 and was based solely on the September 1969 Esquire article.

Plaintiff served an amended and supplemental complaint on January 5, 1970 based on both the September 1969 Esquire article and the anthology republication in December 1969. On January 20, 1970 defendant Esquire filed its answer to the amended complaint.

On March 22, 1971 Esquire filed a motion for summary judgment in this action. However, in April, 1971 plaintiff's counsel advised counsel for Esquire that it wished to take further pretrial discovery. Counsel for Esquire then agreed to withdraw the motion for summary judgment until plaintiff's discovery was completed. A stipulation to that effect was entered on May 4, 1971.

On March 13, 1972 counsel for plaintiff advised counsel for Esquire that plaintiff's discovery was completed. Esquire now renews its motion for summary judgment.

## II. THE NEW YORK TIMES v. SULLIVAN DOCTRINE

(See Answer: First, Second and Third Defenses)

Defendant contends that the alleged libel stated in the complaint is protected by the doctrine of New York Times v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964) and its progeny. This is without foundation.

The rule of the Sullivan case seems to be as follows:

"The constitutional guarantees require, we think, a federal rule that prohibits a public official from recovering damages for a defamatory falsehood *relating to his official conduct* unless he proves that the statement was made with 'actual malice'— that is, with knowledge that it was false or with reckless disregard of whether it was false or not. . . . " New York Times v. Sullivan, supra, at 279–280, 84 S.Ct. at 726.

A court ruling on motions in a defamation suit in which the defendant "asserts the New York Times privilege is compelled to make the dual inquiry (1) whether the plaintiff is a public figure and (2) whether the alleged defamatory publication is directed towards his public conduct." Belli v. Orlando Daily Newspapers, Inc., 389 F.2d 579, 587, 588 (5th Cir. 1967).

In Rosenbloom v. Metromedia, 403 U.S. 29, 44, 91 S.Ct. 1811, 1820, 29 L.Ed.2d 296 (1971), Mr. Justice Brennan wrote:

" . . . It is clear that there has emerged from our cases decided since *New York Times* the concept that the First Amendment's impact upon state libel laws derives not so much from whether the plaintiff is a 'public official,' 'public figure,' or 'private individual,' as it derives from the question whether the allegedly defamatory publication concerns a matter of public or general interest." Id. at 44, 91 S.Ct. at 1820.

Justice Brennan continued by saying:

" . . . Voluntarily or not, we are all 'public' men to some degree. Conversely, *some aspects of the lives of even the most public men fall outside the area of matters of public or general concern.* See n. 12, supra; Griswold v. Connecticut, 381 U.S. 479 [85 S.Ct. 1678, 14 L.Ed.2d 510] (1965)." Id. at 48, 91 S.Ct. at 1822. (Emphasis supplied.)

In note 12 referred to in the above-quoted section the Court wrote:

"We are not to be understood as implying that no area of a person's activities falls outside the area of public or general interest." Id. at 44, 91 S.Ct. at 1820.

Hence, to extend the Times doctrine to include every aspect of a person's private life is an unfounded extension of the constitutional doctrine.

## III. MALICE

(See Answer: Fourth Defense)

Although defendant claims there was no actual malice by it in publishing the article alleged to be defamatory, this is substantially disputed by plaintiff and, hence, that constitutes a genuine issue of material fact.

Obviously, even if we give unrestricted reign to the Times v. Sullivan doctrine, proof of actual malice would take away from defendant the privilege urged. New York Times v. Sullivan,

376 U.S. 254, 292 n. 30, 84 S.Ct. 710 (1964); Goldwater v. Ginzburg, 414 F. 2d 324 (2d Cir. 1969), cert. denied, 396 U.S. 1049, 90 S.Ct. 701, 24 L.Ed.2d 695 (1970).

Moreover, plaintiff raises a serious factual question as to defendant's "reckless disregard of truth" and its failure to investigate the truth of the article which it was printing even when plaintiff protested that the publication was false. Courts have held that actual malice may be inferred from such action by defendant and that summary judgment may be denied. See, e. g., Curtis Publishing Co. v. Butts, 388 U.S. 130, 157–158, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967); Vandenburg v. Newsweek, Inc., 441 F.2d 378, 380 (5th Cir. 1971); Credit Bureau of Dalton v. CBS News, 332 F.Supp. 1291, 1298 (N.D.Ga.1971).

As the Second Circuit Court of Appeals declared in Goldwater v. Ginzburg, 414 F.2d 324 (2d Cir. 1969), cert. denied, 396 U.S. 1049, 90 S.Ct. 701, 24 L. Ed.2d 695 (1970):

> "Repetition of another's words does not release one of responsibility if the repeater knows that the words are false or inherently improbable, or there are obvious reasons to doubt the veracity of the person quoted or the accuracy of his reports. St. Amant v. Thompson, supra [390 U.S. 727] at 732, 88 S.Ct. 1323 [20 L.Ed.2d 262]." Id. at 337.

■ The basic question in this respect then is whether or not there is sufficient evidence to give rise to an issue of fact from which a trier of fact could find that defendant published false statements with "actual malice" or that defendant published the article with reckless disregard or with serious doubt as to the truth of its publication. Rosenbloom v. Metromedia, 403 U.S. 29, 56, 91 S.Ct. 1811 (1971); St. Amant v. Thompson, 390 U.S. 727, 731, 88 S.Ct. 1323, 20 L.Ed.2d 262 (1968); Credit Bureau of Dalton v. CBS News, 332 F. Supp. 1291, 1297 (1971). I find that sufficient evidence has been submitted to raise a question of genuine fact for the trier of fact to determine whether defendant published such article with reckless disregard or with serious doubt as to the truth of its publication.

## V. CONSENT TO PUBLICATION

(See Answer: Fifth, Sixth and Seventh Defenses)

■ Another claim of defendant is that plaintiff consented to the publication of the alleged defamatory article mentioned in the complaint. As to this, there are sufficient denials of consent by plaintiff to the publication of the article which again raises a genuine issue of material fact.

## VI. BURDEN

It is elementary that one who moves for summary judgment has the burden of demonstrating that there is no genuine issue of material fact. For a plethora of authority, see, e. g., the cases cited in note 90 in 28 U.S.C.A., Rule 56.

■ Moreover, in a libel action where it is not clear whether the alleged article is libelous and the article is susceptible to both defamatory and non-defamatory inferences, then a motion for summary judgment should be denied, since a question of fact still remains. Furthermore, the court should not draw factual inferences in favor of the moving party. As Moore's Federal Practice stated:

> "A party moving for summary judgment has the burden of establishing that there is no genuine issue of material fact. And *since the court should not draw factual inferences in favor of the moving party, where the issue on the motion is whether the alleged article is libelous and it is susceptible to both a libelous and non-libelous meaning the motion is denied."* 6 J. Moore, Federal Practice ¶ 56.-17[40], at 2580 (2d ed. 1966). (Emphasis supplied.)

See also S. J. Groves & Sons Company v. Ohio Turnpike Commission, 315 F.2d 235 (6th Cir.), cert. denied, 375 U.S. 824, 84 S.Ct. 65, 11 L.Ed.2d 57 (1963);

Hill v. Cantor, 38 F.R.D. 503, 504 (E.D. Tenn.1965).

As the Fifth Circuit emphasized in Time, Inc. v. Ragano, 427 F.2d 219 (5th Cir. 1970):

" . . . [A]ll inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion for summary judgment . . .." Id. at 221.

See, e. g., United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed. 2d 176 (1962); Vanderberg v. Newsweek, Inc., supra, at 379; Gross v. Southern Ry. Co., 414 F.2d 292, 297 (5th Cir. 1969).

The defendant in this motion for summary judgment has not sustained its heavy burden of demonstrating that there is no genuine issue of material fact.

### VII.  CONCLUSION

Consequently, defendant's motion for summary judgment must be denied.

So ordered.