Cynthia **STALEY**, b/n/f Wayne Staley and Margie Staley, Appellant,

v.

Lee **HARKLEROAD**, Appellee.

Court of Appeals of Tennessee, Western Section.

June 21, 1973.

Certiorari Denied by Supreme Court Sept. 4, 1973.

J. Randall Shelton, Morristown, for appellant.

John F. Dugger, Morristown, for appellee.

MATHERNE, Judge.

The plaintiff Cynthia Staley, a nine year old child, sues for personal injuries as result of a collision with the defendant's automobile. At the close of all the proof the Trial Judge directed a verdict in favor of the defendant. The plaintiff appeals, assigning that action of the Trial Judge as error.

The facts establish the defendant Harkleroad was seated on the front seat while his son, age sixteen years, was operating the vehicle; Mrs. Harkleroad and a younger son were seated on the rear seat. The defendant's vehicle was being driven eastwardly along U.S. Highway 11–W which is a heavily traveled highway. The defendant Lee Harkleroad, the driver Lee Harkleroad, III, and Mrs. Lee Harkleroad, passenger, all testified substantially to the fact that Lee Harkleroad, III, was driving at about fifty to fifty-five miles per hour. The vehicle crested a hill about seventy-five to one hundred yards from the residence of Cynthia Staley, and at this point the occupants of the automobile first saw Cynthia Staley standing on their right, or the south shoulder, of the highway. These parties state the child was looking east, or the direction opposite their vehicle; the child never looked toward the Harkleroad vehicle. Traffic was traveling west at the time and meeting the Harkleroad vehicle. Just as the last car traveling west met the Harkleroad vehicle, and when the Harkleroad vehicle was about two car lengths from Cynthia Staley, the child ran out into the highway. The driver of the Harkleroad vehicle swerved sharply to his left, and Cynthia ran into the right rear side of the Harkleroad vehicle at a point approximately at the center line of the highway.

The driver of the Harkleroad vehicle testified in substance that he took his foot off the accelerator when he saw the child on the shoulder of the highway; he put his foot on the brake and lightly applied brakes; he had slowed to about forty to forty-five miles per hour when the child darted out into the highway, whereupon he applied brakes with force and swerved to the left. He did not sound his horn, and the child never looked in his direction. The purpose of his decreasing his speed was in apprehension of the child walking out into the highway. The defendant Lee Harkleroad further stated he started to tell his son to sound the horn but did not get it said until the child darted into the highway.

The mother of Cynthia Staley had on this occasion sent her to the mail box which was on the north side of the highway and across the highway from the Staley home. The mother was standing on the porch observing the child, but stated she did not see the defendant's vehicle in time to warn the child.

The defendant insists the intervening act of the plaintiff was the proximate cause of her own injury, citing Nash v. Love (1968) 59 Tenn.App. 273, 440 S.W.2d 593, and the unreported opinion of the Supreme Court in Taylor v. Saunders, et al., filed January 17, 1972. The defendant insists the Trial Judge was therefore correct in directing a verdict against the plaintiff. We do not agree with the above insistence. In the cases relied upon the minor child ran out from between parked or stopped automobiles; and prior to running out, the child was in such a position that the defendant driver could not see the child, nor did the driver have any reason to suspect the presence of the child. See also the

case of Coleman v. Byrnes (1950) 34 Tenn.App. 680, 242 S.W.2d 85.

"Children, wherever they go, must be expected to act upon childish instincts and impulses; and others who are chargeable with a duty of care and caution towards them, must calculate upon this, and take precaution accordingly." Townsley v. Yellow Cab Company (1921) 145 Tenn. 91, 237 S.W. 58. See also Bradshaw v. Holt (1956) 200 Tenn. 249, 292 S.W.2d 30.

In the case at bar, the defendant and his driver saw the plaintiff child seventy-five to one hundred yards away; the child was on the shoulder of the highway, looking the other direction; the child never looked toward the defendant's vehicle; the defendant's driver appreciated the possibility of the child coming out into the highway; the defendant started to warn his driver to sound the horn; the driver slowed his vehicle but did not sound the horn. Here we have a situation wherein the defendant and his driver owed a duty of care to the minor. The law as above cited places the duty on the defendant and his driver to calculate upon childish instincts and impulses, and to take precautions accordingly.

Under this record a jury question is made as to whether the defendant and his driver took such precautions as necessary under the circumstances. If the directed verdict be allowed to stand, we would be saying as a matter of law this defendant and his driver be absolved of the care and caution they owed the plaintiff child by the mere slowing of the vehicle from a speed of fifty to fifty-five miles per hour to a speed of forty to forty-five miles per hour.

It is obvious from the statements of the Trial Judge that he directed a verdict on the basis that the defendant was not guilty of any negligence. We reverse that holding, but we deem it appropriate not to further elaborate on the facts because the cause must be tried again.

It results the assignment of error is sustained and the judgment of the Trial Court is reversed. This lawsuit is remanded to the Circuit Court of Hawkins County for a new trial. The accumulated costs in the Trial Court and in this Court are adjudged against the defendant. The cost of the new trial shall abide the results thereof.

CARNEY, P. J., and NEARN, J., concur.