Michael Shane FLETCHER, b/n/f, Joyce Collins Fletcher, Mother, and Joyce Collins Fletcher, Appellees,

v.

Riley RICHARDSON and Etta H. Richardson, Appellants.

Supreme Court of Tennessee.

Aug. 25, 1980.

W. C. Keaton, Keaton, Turner & Peluso, Hohenwald, for appellants.

Thomas L. Reed, Jr., Reed, Rogers & Trail, Murfreesboro, for appellees.

## OPINION

COOPER, Justice.

Michael Shane Fletcher and his mother, Joyce Collins Fletcher, brought this action to recover damages for injuries sustained by Michael when he was attacked and bitten by a dog owned by the defendants. The attack occurred on the premises of the defendants where Michael had gone in company with his grandparents to visit the defendants, who were relatives. The trial judge instructed the jury that since Michael was a social guest, the plaintiffs could recover damages only if the defendants were found to be guilty of gross negligence or that they had let Michael into a trap. The trial judge also instructed the jury that if they found from the proof that:

> The dog had on previous occasions, at least once, viciously attacked, or shown voracity by biting someone, and further, if you find that the Defendants Richardson knew, then you may infer from those facts but you don't necessarily have to infer from those facts, that the Richardsons were guilty of gross negligence in failing to confine the dog, or take other precautions to protect the Plaintiff child from injury.

The jury returned a general verdict in favor of the defendants. The Court of Appeals reversed the judgment entered in the trial court and remanded the action for a new trial. We granted certiorari to point out the basis of a dog–owner's liability to a licensee who was injured by a dog, where there is evidence from which a jury reasonably could find that the dog owner knew, or should have known, that his dog was vicious or otherwise dangerous.

In the absence of a statute, the liability of the owner or keeper of a dog for injuries inflicted by it is determined by the general rules governing liability for harm caused by domestic animals which are ordinarily harmless. 4 Am.Jur.2d *Animals* § 94 (1962); 3A C.J.S. *Animals* § 186 (1973). Under these rules, the owner or keeper of the dog is not answerable for injuries done by it when in a place it had a right to be, unless the dog was in fact vicious or otherwise dangerous, the owner or keeper knew, or under the circumstances should have known, of the dangerous disposition of the animal, and the injuries resulted from the known vicious or dangerous propensity of the animal. *See Alex v. Armstrong*, 215 Tenn. 276, 385 S.W.2d 110; *McAbee v. Daniel*, 60 Tenn.App. 239, 445 S.W.2d 917 (1968); 3A C.J.S. *Animals* § 186 (1973). The basic key to recovery of damages for injuries caused by a dog is the knowledge of the owner or keeper that the animal is vicious or has mischievous propensities.

The action based on scienter [1] is founded upon the liability of one who, knowing of the vicious propensities of a dog, harbors it and fails to properly restrain it, thereby allowing it to cause damage. The action has been interpreted as based on negligence in failing to keep a vicious dog safely, wilful negligence in refusing to dispose of a vicious dog, and absolute liability imposed on one who knowingly keeps a vicious animal. The elements common to all these theories are (1) the harboring of a dog (2) with vicious propensities, and (3) with

---

1. "*g. Knowledge of dangerous propensities scienter.* It is not necessary . . . that the possessor of the domestic animal know of its abnormally dangerous propensities; it is enough that he has reason to know of them. Thus it is not necessary that he know that it has previously attacked human beings or animals or has done harm by being over–violent in play or by digging up vegetation. A dog is not necessarily regarded as entitled to one bite. It is enough that the possessor of the animal knows that it has on other occasions exhibited such a tendency to attack human beings or other animals or otherwise to do harm as should apprise him of its dangerous character.

Thus, the fact that a dog has to his knowledge unsuccessfully attempted to attack human beings or other animals is sufficient. . . . Sufficient also is any form of ill temper displayed in the presence of animal or beast that would apprise a reasonable person that the animal if uncontrolled would make an attack. It is not enough, however, that the possessor of the animal has reason to know that it has a propensity to do harm in one or more specific ways; it is necessary that he have reason to know of its propensity to do harm of the type that it inflicts." Restatement, Second, of Torts § 509, comment *g* at 17–18 (1977).

knowledge of its vicious propensities. Anno., 66 A.L.R.2d 916–22 (1959)

In this state generally, as in this case, actions to recover damages for injuries resulting from an attack by a dog have been based on negligence of the dog owner in failing to keep his dog securely, when the owner knew or should have known that his dog was vicious or dangerous. *See McAbee v. Daniel*; *supra*; *Hood v. Waldrum*, 58 Tenn.App. 512, 434 S.W.2d 94, 99 (1968). However, our courts have voiced the opinion that the mere keeping of an animal, after notice of its vicious propensities, leaves the owner open to liability for injury caused by the vicious propensities of the animal.

. . . [w]here an animal is accustomed or disposed to injure persons, and the owner or keeper has notice or knowledge of that fact, he is liable for an injury which such animal may do to another person. As stated in *Sherfey v. Bartley, supra* [36 Tenn. 58 (1956)], he is "bound to have so confined him as to prevent him from doing mischief." . . The gist of the action is the keeping of the animal with notice of its vicious disposition, and not the negligence of the owner in its custody. *Missio v. Williams*, 129 Tenn. 504, 167 S.W. 473, 474, 1915A L.R.A. 500 (1914). *See also, Henry v. Roach*, 41 Tenn.App. 289, 293 S.W.2d 480, 482; 3A C.J.S. *Animals*, § 186, at 686 (1973)

The application of the common law bases of liability in dog bite cases, where the injury occurred on the premises of the owner or keeper of the dog, has been complicated by references to the classification of the injured party as either an invitee, licensee, or trespasser and by implication at least, determining from the classification the duty owed by the dog owner or keeper to the injured party. *See Blair v. Jackson*, 526 S.W.2d 120 (Tenn.App.1973); *Hood v. Waldrum*, 58 Tenn.App. 512, 434 S.W.2d 94, 99 (1968). The rationale for the application of the classifications and concomitant duties voiced in premises liability is not set forth in the opinions, nor are we able to justify a different duty toward a licensee than toward an invitee where the basis of liability is the keeping or failing to properly restrain an animal, where the owner has notice of its vicious or dangerous disposition. We think the owner of a vicious or dangerous dog, who elects to keep it on his premises, has a broader responsibility to persons coming lawfully upon the land for harm done to them by the animal than is imposed for harm resulting from the dangerous physical condition of the land; and, that a social guest, though a licensee, is owed a duty of ordinary care while he is on the premises of the dog owner. This duty flows from the great risk of harm to which the dog owner exposes those who are lawfully on his premises by the keeping of an animal he knows, or should know, to be vicious or dangerous.

The judgment of the Court of Appeals, reversing the case for a new trial is affirmed. Costs are adjudged against Riley Richardson and Etta Richardson and their surety, if any.

BROCK, C. J., and FONES and HARBISON, JJ., concur.