James C. STOFER, etc., et al., Plaintiffs,

v.

Henry RAMSEY, et al., Defendants.

No. CIV–4–81–8.

United States District Court,
E.D. Tennessee,
Winchester Division.

Feb. 1, 1982.

Hugh C. Gracey, Jr., Nashville, Tenn., for plaintiffs.

Paul Campbell, Jr., Chattanooga, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is an action to recover for personal injuries sustained by the minor-plaintiff in an attack by a dog named King. 28 U.S.C. § 1332(a)(1). Each defendant moved separately for a summary judgment. Rule 56(b), Federal Rules of Civil Procedure. Each such motion lacks merit.

### I

This action is governed by the law of Tennessee. 28 U.S.C. § 1652; *Erie R. Co. v. Tompkins* (1938), 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188, 1194. Under Tennessee law,

> * * * the owner or keeper of the dog is not answerable for injuries done by it when in a place it had a right to be, unless the dog was in fact vicious or otherwise dangerous, the owner or keeper knew, or should have known, of the dangerous disposition of the animal, and the injuries resulted from the known vicious or dangerous propensity of the animal. The basic key to recovery of damages for injuries caused by a dog is the knowledge of the owner or keeper that the animal is vicious or has mischievous propensities. [Citations omitted].
>
> *      *      *      *      *      *

*Fletcher v. Richardson* (Tenn.1980), 603 S.W. (2d) 734, 735. Furthermore: " * * * 'A dog is not necessarily regarded as entitled to one bite.' * * * " *Ibid.*, 603 S.W. (2d) at 735, n. 1, quoting from Restatement of the Law, Second, Torts § 509, comment g. But, " * * * [a] dog owner who has no reason whatever to expect any mischief from his dog ordinarily is not negligent and not liable for the first mischief which occurs. * * * " *Hood v. Waldrum*, C.A. Tenn. (1968), 58 Tenn.App. 512, 434 S.W. (2d) 94, 99 [10], quoted with approval in *Blair v. Jackson*, C.A.Tenn. (1974), 526 S.W. (2d) 120, 122.

The defendants Mr. and Mrs. Ramsey claim they could not be liable herein, because neither of them was aware of any vicious or dangerous propensity of King prior to the day the minor-plaintiff was injured. However, the historical disposition exhibited by King is a matter of genuine dispute herein.

The affidavits of the defendants state that the dog was always friendly and gentle with " * * * an awfully good disposition * * *." On the other hand, 2 "meter readers" of a utility company appear to disagree. The deposition testimony of the plaintiff Mrs. Stofer reflects that, on the day prior to the injury, King was very menacing and " * * * seemed ferocious * * * " to her.

Even if Mr. and Mrs. Ramsey lacked actual knowledge of any vicious or dangerous propensity on the part of King, they could still be liable if, under all the surrounding circumstances, they *should* have been aware thereof. This rule implicates necessarily the "reasonable man" standard, *see Fletcher v. Richardson, supra,* 603 S.W. (2d) at 735, n. 1, which is peculiarly a matter for determination by the jury after a full development of the facts at trial.

" * * * [E]ven where there is no dispute as to the facts, it is usually for the jury to decide whether the conduct in question meets the reasonable man standard * * *." 10 Wright & Miller, Federal Practice and Procedure: Civil 572–573, § 2729. This Court cannot say with the record before it in its present posture that there exists no genuine issue of fact as to whether Mr. and Mrs. Ramsey knew or should have known of any vicious or dangerous propensity of King.

Similarly, whether Mr. and Mrs. Stofer, as parents, were guilty of contributory negligence, in failing to adequately supervise their young son, and, if so, whether that negligence was such as to bar any recovery herein, is not a matter for determination by the Court on a motion for summary judgment. The question of contributory negligence is ordinarily for the jury.

Even where the facts are undisputed, if intelligent minds might draw different conclusions as to whether, under all the existing facts and circumstances, the conduct of a plaintiff was that of an ordinarily prudent man, the matter should be left to the jury. *Gunn v. International Harvester Company,* C.A. 6th (1966), 366 F. (2d) 349, 351 [1–3], quoting from *Osborn v. City of Nashville* (1945), 182 Tenn. 197, 203–204, 185 S.W. (2d) 510, 513. This Court is of the opinion " * * * that resolution of the question whether all reasonable men would conclude that [Mr. or Mrs. Stofer] was contributorily negligent * * * should await full development of the facts upon trial. * * " *Ibid.,* 366 F. (2d) at 351[4].

## II

Both defendants seek summary judgment also on the claim of the plaintiffs, that the former were guilty of wilful or wanton conduct. Wilful conduct involves deliberation and malice, *Schwartz v. Johnson* (1926), 152 Tenn. 586, 593, 280 S.W. 32.

Wanton conduct involves a heedless and reckless disregard for the rights of another person, with consciousness that a pertinent act or omission may result in injury to another, *Craig v. Stagner* (1929), 159 Tenn. 511, 19 S.W. (2d) 234, 236[3].

Thus, both wilfulness and wantonness require a consideration of the state-of-mind of the party who is charged therewith. Issues involving the state of a person's mind are seldom capable of resolution on a motion for summary judgment. *See Hutchinson v. Proxmire* (1979), 443 U.S. 111, 120 n. 9, 99 S.Ct. 2675, 2680 n. 9, 61 L.Ed. (2d) 411, 422 n. 9 (malice); *Smith v. Hudson,* C.A. 6th (1979), 600 F. (2d) 60, 66 [9], certiorari dismissed (1979), 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed. (2d) 415 (motive or intent); *Hill v. Cantor,* D.C.Tenn. (1965), 38 F.R.D. 503, 504[2] (malice).

The better procedure will be for the defendants to raise this matter at trial on a timely motion for a directed verdict. If there is insufficient evidence at trial to pose a jury-question on the claim of wilful and wanton conduct, the Court will not submit the same to the jury.*

## III

Mrs. Ramsey claims also that she is entitled to a summary judgment now because, since, as she did not own King, she could not be liable herein. That contention is meritless.

In the first place, whether Mrs. Ramsey was a joint-owner with her husband of King is in genuine dispute. The document, purportedly executed by the defendants at the time they gave King to another person, reflects that they considered themselves joint-owners of the dog.

Secondly, even if Mrs. Ramsey was not an owner of King, she might be held liable as his *keeper.* Under the rules stated in *Fletcher v. Richardson, supra,* liability extends not only to owners, but also to keepers. " * * * 'The gist of the action is the keeping of the animal' * * *." *Ibid.,* 603 S.W. (2d) at 736, quoting from *Missio v. Williams* (1914), 129 Tenn. 504, 167 S.W. 473, 474.

It results that the motions of the defendants, each, hereby is

DENIED. Rule 56(c), Federal Rules of Civil Procedure.

---

* Of course, if, after discovery is completed, the plaintiffs have not developed sufficient evidence to support this claim, the Court is confident their counsel will not pursue such claim further.