Brian Franklin WOLFE, et al., Plaintiffs-Appellants,

v.

Larry William HART, et al., Defendants-Appellees.

Court of Appeals of Tennessee, Eastern Section.

Aug. 2, 1984.

Permission to Appeal Denied by Supreme Court Oct. 22, 1984.

Philip S. Vavalides, Knoxville, for plaintiffs-appellants.

Robert A. Crawford of Bond, Carpenter & O'Connor, Knoxville, for Larry William Hart.

John O. Threadgill and James C. Wright of Butler, Vines, Babb & Threadgill, Knoxville, for Ethel H. Ismail, et al.

## OPINION

FRANKS, Judge.

In this action for damages against defendants, Ismail, owners of a dog, Nicholas, and defendant Hart, the operator of a truck, the trial court granted summary judgment to defendants and plaintiffs have appealed.

Plaintiffs alleged that on or about September 11, 1982, Brian Franklin Wolfe, age 9, was walking in a westwardly direction on the shoulder of Montbella Drive in Knoxville, when Nicholas chased plaintiff into the street where Brian was struck by a motor vehicle operated by defendant Hart.

Numerous acts of statutory and common law negligence were alleged as a basis for recovery. Hart answered, denying any negligence and his affirmative defense averred that the accident was caused by the "acts and omissions of the co-defendants as alleged in plaintiffs' Complaint", and the minor plaintiff was guilty of proximate contributory negligence. The Ismails answered, denying the dog "had any ferocious, vicious, or mischievous propensities", denied the dog attacked the minor plaintiff or, in the alternative, any action of the dog was provoked by the minor plaintiff and occurred at such time as the plaintiff was a trespasser on defendants' premises. Also invoked was the defense of contributory negligence.

Motions for summary judgments were filed and the trial court, after reviewing the discovery depositions of the parties, sustained the motions. The depositions tend to establish on September 11, 1982, 9-year old Brian Wolfe was walking on the shoulder of Montbella Drive in Knoxville. As he approached the home of defendants Ismail, he noticed Ismail's small dog was in the Ismail driveway. The dog growled and Brian stamped his foot at the dog, the dog then barked, frightening Brian, who slid onto the roadway. Simultaneously, defendant Hart was operating his truck along the street toward Brian and the dog and slowed, but the truck's right front tire struck Brian's foot.

■ We vacate the summary judgments and remand since summary judgments generally are not appropriate in negligence actions. *Bowman v. Henard*, 547 S.W.2d 527 (Tenn.1977). The Supreme Court, in discussing duties of the trial judge when a summary judgment is sought pursuant to T.R.C.P., Rule 56, said:

Where there does exist a dispute as to facts which are deemed material by the trial court, however, or *where there is uncertainty* as to whether there may be such a dispute, the duty of the trial court is clear. He is to overrule any motion for summary judgment in such cases, because summary judgment proceedings are not in any sense to be viewed as a substitute for a trial of disputed factual issues. [Emphasis supplied.]

*Evco Corporation v. Ross*, 528 S.W.2d 20, 25 (Tenn.1975).

. This court in *Taylor v. Nashville Banner Pub. Co.*, 573 S.W.2d 476 (Tenn.App. 1978), further observed:

The party who moves for summary judgment has the burden of showing that no genuine issue of material fact exists, and in ruling on the motion the court must view the record in the light most favorable to the motion's opponent. [Citation omitted.] *Id.*, at 480.

■ In negligence cases, summary judgment is only appropriate when the inferences which may be drawn from the uncontroverted facts are so certain that all reasonable persons must agree on them. *Brookins v. The Round Table, Inc.*, 624 S.W.2d 547 (Tenn.1981). Conversely stated, if the facts are uncontroverted, summary judgment is inappropriate if reasonable minds could differ `as to the inferences to be drawn therefrom. *Prescott v. Adams*, 627 S.W.2d 134 (Tenn.App.1981).

■ Plaintiffs do not dispute that Hart was driving at a speed between 20 and 25 m.p.h.; however, they allege that he failed to keep his vehicle under proper control and without a proper lookout ahead. Significantly, Hart admits he saw Brian standing at the side of the road prior to the accident. A motor vehicle operator who encounters children is required to anticipate that children may act upon childish instincts and impulses and take precautions accordingly. *Townsley v. Yellow Cab Co.*, 145 Tenn. 91, 237 S.W. 58 (1921). Merely slowing a vehicle may not be all the precautions required of the operator. *See Staley v. Harkleroad*, 501 S.W.2d 571 (Tenn.App. 1973).

The depositions reveal the dog, Nicholas, was allowed to roam the neighborhood unrestrained; had chased cars and people; apparently had bitten others, and his owners were aware of his propensities.

■ Generally, a dog owner is not answerable for injuries caused by a dog unless the dog is dangerous and the owner knows of the dangerous propensities. *Fletcher v. Richardson*, 603 S.W.2d 734 (1980). In *Fletcher*, the Supreme Court said:

The basic key to recovery of damages for injuries caused by a dog is the knowledge of the owner or keeper that the animal is vicious or has *mischievous propensities.* [Emphasis supplied.] *Id.*, at 735.

■ Viewing the facts in the light most favorable to the plaintiffs, it could reasonably be determined that Nicholas's tendency to chase people was a dangerous tendency and that the Ismail family knew of this tendency and that it was a mischievous quality which caused or contributed to cause Brian to enter the ˙street and be injured.

■ Finally, the allegations of contributory negligence create a disputed issue since Brian was 9 years old at the time of his injuries. The rebuttable presumption is a child between the ages of 7 and 14 is not capable of contributory negligence. *Wilburn v. Vernon*, 60 Tenn.App. 436, 447 S.W.2d 382 (1969).

We remand for further proceedings on the basis that summary judgments are not appropriate in this case.

The costs of appeal are assessed jointly to defendants.

PARROTT, P.J., and SANDERS, J., concur.