**UNIVERSAL CONSTRUCTORS, INC., The Hermitage "A" Apartments, Limited and The Insurance Company of North America, Inc., Plaintiffs–Appellees,**

**v.**

**HITT ELECTRICAL COMPANY, INC. and George Stewart, Defendants–Appellants.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Nov. 15, 1989.

Permission to Appeal Denied by Supreme Court Feb. 26, 1990.

Larry D. Ashworth, Ashworth & High, Nashville, for plaintiffs-appellees.

David T. Hooper, Blackburn, Little, Smith & Slobey, Nashville, for defendants-appellants.

## OPINION

CANTRELL, Judge.

This lawsuit involves a dispute over a fire which resulted in substantial property damage to Hermitage "A" Apartments in Nashville, Tennessee. The plaintiffs, Universal Constructors, Inc., the Hermitage "A" Apartments, Ltd. and the Insurance Company of North America, Inc. alleged that the defendants, Hitt Electric Co., Inc. and George Stewart, improperly and negligently reversed the hot wire and the ground in the house meter in building A–7 of the Hermitage Apartments. The defendants insist that the proximate cause of the fire was not the wiring, but the premature connection of electricity to the building by the power company.

The trial judge granted the plaintiff a summary judgment on the question of liability. After a verdict in the court below on the question of damages, the defendants claim that the trial court erred in granting the plaintiff's motion for summary judgment.

*Facts*

Hermitage A entered into a contract with Universal Constructors whereby Universal would construct an apartment complex in Nashville, Tennessee. Universal hired Hitt Electric Company to complete "all electrical work for the Hermitage 'A' Apartments in Nashville" pursuant to a sub-contract dated May 25, 1983. Hitt claims that under the agreement, Hitt had the responsibility for digging the ditches in which Nashville Electric Service would place their conduits as well as the responsibility for all coordination of activities involving N.E.S. Universal claims that digging the ditches was its responsibility as general contractor. These facts are important because of the defendants' claim that if the power had not been turned on prematurely the fire would not have occurred.

The record shows that power was transmitted from the power company to the building through a cable pulled through an underground conduit and attached to the building's electrical system. The point of attachment was a panel holding one meter for each apartment (a total of six) and a house meter. After the fire, an inspection revealed that the house meter had been improperly wired by grounding the hot wire to the copper water lines that ran throughout the building. Apparently it was customary to ground the meter by attaching a ground wire to the pipes. When the power company turned the power on, the water pipes overheated and caused fires throughout the building.

For the purpose of this appeal, we accept as uncontroverted the facts that the meter was wired improperly and that the defendants were responsible for the improper wiring.

The defendants contend, however, that they had requested a code inspection and that the fire would not have occurred if the installation had been inspected before the power was connected. The record shows that when the inspector arrived at the site he found the fire had started shortly before. The record does not show who called the power company to turn on the power to

this building. The representatives of the two defendants who would have made the request under ordinary circumstances both deny making the request. The job superintendent for Universal Constructors, Inc., one of the plaintiffs, denied making the request, although he did request the power company to pull the cable and make the connection and he was aware that the company normally turned the power on after connecting the cable to the meter panel. He had also requested the power company to turn the power on at other buildings in the same complex.

Rule 56, Tennessee Rules of Civil Procedure provides that summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn.R.Civ.P. 56.03 (1989). It is well established that the moving party has the burden of proving that no genuine issue of material fact exists. *Taylor v. Nashville Banner Publishing Company*, 573 S.W.2d 476, 480 (Tenn.App.1978). Moreover, in ruling on the motion, the trial court is to view the evidence in the light most favorable to the opponent of the motion. *Id.* at 480. Finally, "the summary judgment procedure is not regarded as a substitute for trial of disputed factual issues." *Id.* at 480.

Also, summary judgments are generally not appropriate in negligence actions. *Brookins v. The Round Table, Inc.*, 624 S.W.2d 547, 550 (Tenn.1981). In negligence cases, summary judgment "is only appropriate when the inferences which may be drawn from the uncontroverted facts are so certain that all reasonable persons must agree on them." *Wolfe v. Hart*, 679 S.W.2d 455, 457 (Tenn.App.1984).

We believe that there are genuine issues of material fact in this case. One such issue is whether the Metro Codes inspection would have uncovered the improper wiring. Another is who was responsible for the power company's action in turning on the power before the inspection. From the record before us, the jury could infer that the defendants would have corrected the problem before any harm occurred except for the fact that someone had the power turned on prematurely.

The proximate cause of the fire is uncertain, therefore it was improper for the trial court to grant summary judgment in this case.

The judgment of the court below is reversed and the cause is remanded to the Circuit Court of Davidson County for any further necessary proceedings. Tax the costs on appeal to the appellees.

TODD, P.J., and LEWIS, J., concur.